PER CURIAM.
Melvin Ross was jointly tried with two co-defendants, before a jury, on the charge of having committed simple burglary of a 1966 Mustang in violation of La.R.S. *274 14:62. All three defendants were found guilty.
Ross appeals his conviction and sentence to the penitentiary. He relies upon two bills of exceptions, "both pertaining to whether or not the trial judge abused his discretion by not granting Ross a separate trial.
Article 704 of the Code of Criminal Procedure provides that jointly indicted defendants may be tried separately or together. The initial election rests with the State, but the court may order a severance on motion of the defendant if satisfied that justice requires it. Severance is not a matter of right; the granting or refusal of a motion for severance is within the discretion of the trial judge, whose ruling will not be disturbed on appeal only if there is clear abuse of discretion. State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
Here the defense counsel contends there was a-conflict of interest among the co-defendants because of antagonistic defenses.
This Court has repeatedly held that it is hot a sufficient showing to merely assert that the defenses in a joint trial arc antagonistic. Rather, it is necessary to present the pertinent facts in this regard to enable the trial judge to ascertain whether the antagonism is such as to necessitate separate trials. State v. Bonner, 252 La. 200, 210 So.2d 319 (1968); State v. Progue, 243 La. 337, 144 So.2d 352 (1962). In State v. Birbiglia, 149 La. 4, 88 So. 533 (1921), this court observed: “* * * it does not appear that the judge had any reason to believe, when he was called upon to pass judgment upon the motion for a severance, that such a case would develop. Under these circumstances, the judge did not commit an error in overruling the motion for a severance.”
Since there was no showing when' the motion for severance was made and denied immediately before trial testimony commenced that the defenses of this defendant and his co-defendants would be antagonistic, we muk conclude that the ruling complained of was not erroneous. This pretrial bill (Bill No. 1) is without merit.
The defendant Ross denied complicity in the stealing of a tape from the burglarized vehicle found in the vehicle in which he and his two co-defendants were riding. After he testified, his counsel once again moved for severance, and this was denied (Bill No. 2).
Counsel requested that the testimony of the other two defendants be taken outside the presence of the jury, so that it could be shown that the defenses of the other two defendants were antagonistic to the present appellant’s. We do not find any abuse of discretion by the trial court in refusing, at this late stage of the trial *276 (after the State had put on its case and the defendant had testified), to enter a motion for severance based upon alleged antagonistic defenses, especially since no adequate reason is shown for the failure to discover same and move for severance prior to trial. The district judge noted that, in the event the testimony of the co-defendants showed there to be a serious conflict or prejudice, then the appellant Ross could move for mistrial. No such motion for mistrial was made during or after the testimony of the co-defendants.
We find no error in the ruling complained of.
The conviction and sentence are affirmed.
BARHAM, J., concurs.