(104 So. 211)

(No. 27086.)

## STATE v. FOSS.

(March 30, 1925. Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤➡99, 105—**Accused cannot consent to be tried by incompetent tribunal.**

An accused cannot waive jurisdiction of court and consent to be tried by an incompetent tribunal.

2. **Sunday** ⬤➡30(6)—**Defendant acquiescing in continuance of prosecution on Sunday thereby waived irregularity.**

Where during progress of criminal prosecution case was continued and concluded on Sunday at request of defendant's counsel in open court, who promised not to urge fact that proceeding continued on Sunday as ground for new trial, *held,* that defendant thereby waived prohibition of Act No. 6 of 1904 against trials on Sunday, and could not thereafter challenge regularity or legality of such proceeding.

3. **Criminal law** ⬤➡938(1)—**New trial for newly discovered evidence properly denied.**

It was not error to deny new trial for newly discovered evidence, which was cumulative and weak.

4. **Criminal law** ⬤➡444—**Admission of photographs of alleged stolen jewelry not reversible error, where later identified.**

In prosecution for burglary of jewelry, admission of photographs of diamonds alleged to have been stolen, without presence of person making photographs, *held* not reversible error, where photographs were identified by person from whom jewelry was stolen as being pictures of jewelry, and later persons present when photographs were taken identified them.

5. **Criminal law** ⬤➡1091(10)—**Admission of evidence not reviewed, where bill shows no ground for objection thereto.**

Where bill merely showed that defendant objected to admission of evidence but does not state any reason for objection, such bill will not be considered, as Supreme Court is not required to scan entire evidence to discover possible objection that could have been made to the testimony.

O'Niell, C. J., dissenting in part.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

Isidore Foss was convicted of breaking and entering a dwelling house in the night season and stealing jewelry, and he appeals. Affirmed.

Richard A. Dowling, of New Orleans (Alfred J. Bonomo, of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., Robert H. Marr, Dist. Atty., Wm. A. Porteous, Jr., Asst. Dist. Atty., all of New Orleans, and Percy T. Ogden, Asst. Atty. Gen., for the State.

THOMPSON, J. The accused was indicted, tried, and convicted for breaking and entering a dwelling house in the night season and stealing a lot of jewelry valued at $136,000.

From a sentence of not less than seven nor more than ten years in the penitentiary the accused prosecutes this appeal.

The first bill of exception, in the order in which the bills appear in the record, was reserved to the overruling of a motion in arrest of judgment.

The motion alleges that evidence was taken on Sunday; that the case was argued for the state and the accused on Sunday; that the court charged the jury on Sunday; and that the jury deliberated and returned its verdict, which was recorded on Sunday; that, Sunday being a legal holiday and dies non juridicus, all the proceedings had after 12 o'clock midnight Saturday were null and void and without legal effect.

It appears from the minutes of the court that the case was taken up for trial on Friday, January 9, and that the jury was finally completed and sworn to try the case on the following day. The taking of evidence was then begun, and was concluded on Saturday night at 11:20. That the argument of counsel ended at 12:25, when the judge delivered his charge to the jury, and the ver-

dict of the jury was returned and recorded at 2:00 a. m. Sunday.

The per curiam of the judge shows that when the evidence was concluded, at 11:20, the counsel for the defendant in open court approached the bench and requested the court to set back the hand of the clock, which the court declined to do.

The defendant's counsel who is not counsel in this appeal, then stated to the court that he was very anxious to continue with the trial of the case, whereupon the district attorney objected for the reason that, if the trial proceeded and resulted in a conviction of the accused, the continuance of the proceedings on Sunday might be urged as a ground for a new trial. The defendant's counsel then stated that he would do nothing of the sort, and gave his word of honor that, if the case was allowed to proceed, no advantage would be taken of the fact that some of the proceedings had been held on Sunday. The case was then proceeded with and concluded, as already stated.

Act No. 6 of 1904 provides that whenever the impaneling of a jury or the taking of evidence on the trial of any case shall have been begun, but not concluded, at the time at which there shall intervene any legal holiday or legal half holiday, it shall be lawful for the presiding judge and within his discretion to order said trial to be proceeded with upon said legal holiday, if not Sunday or Christmas Day, and all proceedings thereafter had in the trial of said case shall have the same force and effect as though had on a day not a legal holiday.

There can be no mistake as to the purpose of the statute. The language is plain and unambiguous. It confers upon the judge the authority and discretion to proceed on a holiday other than Sunday or Christmas Day with the trial of a case already begun and in progress when the holiday intervenes, and withholds from him the discretion and the authority to continue the trial of a case on either of the excepted days.

The pivotal question to be decided, therefore, is whether an accused party who not only makes no objection to proceeding with the trial of his case, but expressly consents thereto and asks the court to proceed with the trial, promising the court to take no advantage of the fact that such trial was proceeded with on Sunday, can after conviction be heard to urge the nullity of the proceedings and the verdict rendered against him.

It is argued that, Sunday being a dies non juridicus, so made by the statute, the court was incompetent and without jurisdiction and authority to proceed with the case on that day, even with the consent of the accused, under the doctrine that the consent cannot confer jurisdiction ratione materiæ.

In some jurisdictions there is, a recognized distinction between Sunday and a purely statutory holiday. That the Sabbath is a day of rest and worship generally recognized and observed as such throughout the Christian world, whereas statutory holidays are not considered as holy and sacramental as the Sabbath, especially with respect to judicial proceedings. But the lawmaking power of this state has never attempted to make such a distinction until the passage of the act of 1904, nor has jurisprudence done so. Prior to that statute, every general law designating certain days as legal holidays has included Sunday, and whatever acts (judicial) that were permitted or prohibited on Sunday were likewise permitted or prohibited on the other holidays named. All the holidays, including Sunday, were declared and considered to be "days of public rest and legal holidays and half holidays in this state."

So that, at least up to the statute of 1904, whatever judicial act that could be performed on a statutory holiday could likewise be performed on Sunday. In the case

of State v. Varnado, 126 La. 743, 52 So. 1010, we said:

"It is settled beyond controversy that the receiving and recordation of a verdict on a Sunday or other dies non juridicus is permissible."

See, also, State v. Atkinson, 104 La. 570, 29 So. 279, and authorities there cited.

In the case of State v. Duncan, 118 La. 702, 43 So. 283, 10 L. R. A. (N. S.) 791, 11 Ann. Cas. 557, the defendant was prosecuted for murder and was convicted of manslaughter. He was tried on an election day which had been declared to be a legal holiday. He made no objection, but went to trial, and after conviction sought to set aside the verdict in a motion in arrest of judgment. This court on appeal said: ·

"An accused has no right to stand by and suffer proceedings to take place on a 'statutory holiday,' and after verdict, in a motion to quash, ask to have the proceedings reversed on the ground that it was a holiday."

"The objection should not have been postponed until after verdict, nor urged for the first time in motion in arrest."

In the course of the opinion it was further said:

"Moreover, the proceedings on a statutory legal holiday are not necessarily null. They may be held on that day by consent. Besides, an accused may be concluded by his silence, if he chooses to remain silent when he is represented by counsel amply able to protect his rights."

The opinion in the above case was handed down in February, 1907, and, while the act of 1904 was not mentioned in the opinion, it did not escape the attention of the court, for it is quoted in the dissenting opinion of Mr. Justice Provosty.

If, as held in the Duncan Case, an accused who remains silent and proceeds to trial on a holiday, cannot after verdict be heard to urge the illegality of the proceedings, there is no good reason, it would seem, why the same rule should not apply where, as in this case, the conclusion of the trial on Sunday was at the express instance and solicitation of the accused.

As we have said, a statutory holiday is as much a dies non juridicus in this state as is the Sabbath, and, if an accused by his silence can waive the right to be wholly tried on a statutory holiday, he may likewise consent to have his case argued and submitted and a verdict rendered on the Sabbath.

The case of State v. Rogers, 150 La. 1080, 91 So. 518, cannot be regarded as controlling nor as a precedent for reversing the verdict in this case. In the Rogers Case the trial was commenced and completed on a legal holiday (Christopher Columbus Day), and the court held that the proceedings were an absolute nullity. There was no question of waiver raised or discussed in the opinion, and certainly no request and agreement by the accused that the case be tried on a holiday.

It is said by Mr. Bishop in his new Criminal Procedure, vol. 1, § 117:

"In natural reason one should not complain of a thing done with his consent. And the law, in all its departments, follows this principle."

"If, except where some counter doctrine presses with a superior force forbidding, a party has requested, or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it, however contrary it was to his constitutional, statutory, or common-law rights."

It was said also that necessity is the chief foundation for this doctrine. Without it, a cause could rarely be kept from miscarrying.

This announcement of Bishop was approved by this court in State v. Rose, 114 La. 1063, 38 So. 858, wherein we said that an accused may waive his constitutional, statutory, or common-law rights, except when forbidden by some superior counter·

principle of law deemed necessary for his protection.

There is no constitutional, statutory, or common-law principle which forbids an accused party from consenting to have his case argued, submitted, and determined by the jury and court on Sunday or a statutory legal holiday. The act of 1904 gives the court discretion to proceed on a holiday without the consent of the accused, but does not, either expressly or by implication, prohibit the judge from proceeding on Sunday or Christmas Day with the consent of the accused.

[1] It would be altogether different if the court were incompetent for·lack of jurisdiction to try and determine the subject-matter at issue. An accused party cannot waive the jurisdiction of the court and consent to be tried by an incompetent tribunal, and this is true, whether the trial is had on a legal day or on a dies non.

It has been more than once held by this court that an accused charged with an offense triable by a jury of twelve cannot consent to be tried by a jury of a less number. State v. Hataway, 153 La. 752, 96 So. 556, and authorities there cited.

There is no question of the waiver of jurisdiction in this case. The court and the jury were legally constituted, and were competent to try the issue of guilt or innocence between the state and the accused. The only question was whether the case should proceed to its conclusion on Sunday or be postponed to a future day.

Whether a trial shall take place on one day rather than another can in no sense be said to affect the jurisdiction and competence of the court.

The objection is purely technical and dilatory in its nature. If it had been made at the proper time, the case would have been delayed to another day, with the same result. The defendant has suffered no detriment caused by the continuance of the trial on Sunday.

[2] An accused party at whose instance and on whose persuasive promise a case has been continued and concluded on Sunday, and who took the chances of an acquittal, should not be permitted, after verdict of conviction, to challenge the regularity and legality of such proceedings.

To ignore his request and promise to the court and district attorney whereby he gained a speedy determination of his case, and to set aside the verdict on the ground urged, would be a palpable miscarriage of justice, destroy the sanctity of the court, and make a mockery of judicial procedure.

Our conclusion is that the prohibition of the continuance of the trial on Sunday of a case already begun does not·affect the jurisdiction and competence of the court, and is not such as cannot be waived by an accused party.

[3] Bill 2. A motion for a new trial constitutes the basis for the second bill of exception, and it rests on the ground of newly discovered evidence. The trial judge correctly disposed of the motion when he stated in his per curiam that "the alleged newly discovered evidence would be at best the weakest sort of impeaching testimony."

[4] Bill 3. The state offered testimony and a photograph of the diamonds alleged to have been stolen. The objection was that the man who made the photograph was not present, nor was the witness who was testifying to the identity of the photograph present when the same was taken. The judge states that the evidence showed that a large amount of the stolen jewelry, some of which were diamonds, some bracelets, and some stickpins, were photographed in New York, where they had been recovered, and were identified by the witness from whom the jewelry had been stolen, as being pictures of the jewelry. At a later stage of the trial

persons who were actually present when the photographs were taken identified them. We can see no reversible error in the ruling.

Bill 4. This bill was reserved to the refusal of the court to permit the defendant's counsel to cross-examine a state witness. The judge states that counsel for accused was afforded every opportunity to cross-examine the witness, and did cross-examine him at considerable length. The counsel who prepared the bill was not the counsel who tried the case. The bill has no foundation on which to stand.

[5] Bill 5. A state witness was asked on direct examination:

"When you went in that pawnshop, what took place? A. We had information that a black bag—
"By Mr. Craven: I object, your hon—
"By the district attorney: Tell us what you did then."
"A. I demanded to see the pledge for a black bag and contents—jewelry."

Neither the objection nor the bill states any reason for the objection. The bill is therefore without merit. This court is not required to scan the entire evidence to discover some possible objection that might or could have been made to the testimony.

Bill 6. This bill alleges that the state sought to introduce an admission by the defendant tending to show his guilt or to incriminate him, which admission was in the nature of a confession, whereupon the defendant objected on the ground that a proper foundation had not been laid for such an admission.

The judge states that the defendant made no confession, and not even an incriminating statement. This effectually disposes of that bill.

Finding no prejudicial error in any of the rulings complained of, the conviction and sentence are therefore affirmed.

O'NIELL, C. J., dissents from ruling on bill No. 1.