183 So.2d 341

**STATE of Louisiana**

**v.**

**Wilbert MARCELL.**

**No. 47941.**

Feb. 23, 1966.

George W. Gill, Jr., and George M. Leppert, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Alvin Oser, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

■ The defendant, Wilbert Marcell, having been convicted and sentenced to serve one year in the Orleans Parish Prison on a bill of information charging him with attempt [1] to commit a crime against nature [2] in that he " * * * did wilfully and unlawfully attempt to have unnatural carnal copulation with one Andrew Pack" on April 3, 1963, prosecutes this appeal from his conviction and sentence thereunder, relying for the reversal thereof on certain errors allegedly committed during the trial to which bills of exception were timely reserved.

The first bill of exception was reserved to the trial judge's overruling the objection of defense counsel to the District Attorney's statement to the complaining witness: "Now I read you what the definition of perjury is", without stating the basis for the objection or pointing out any specific error; it therefore presents nothing for our review. State v. Watson, 247 La. 102, 170 So.2d 107; State v. Labat, 226 La. 201, 75 So.2d 333; State v. Antoine, 189 La. 619, 180 So. 465; State v. Foss, 158 La. 471, 104 So. 211; State v. Green, 36 La.Ann. 185.

■ The defendant, claiming error was committed to his prejudice when the witness' signed statement was admitted into evidence over his objection as it involves persons not connected with the case, re-

1. R.S. 14:27, entitled "Attempt", provides in part:
   "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; * * *
   "Whoever attempts to commit any crime shall be punished as follows:
   "(1) If the offense so attempted is punishable by death or life imprisonment he shall be imprisoned at hard labor for not more than twenty years;
   "(2) If the offense so attempted is theft or receiving stolen things, he shall be fined not more than two hundred dollars, or imprisoned for not more than one year, or both;
   "(3) In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted; but

such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."

2. R.S. 14:89 "Crime against nature" states:
   "Crime against nature is the unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal. Emission is not necessary, and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
   "Whoever commits the crime against nature shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both."

served another bill. Under the facts of this case we doubt the correctness of the trial judge's ruling that Pack's statement, made at an unsuspicious time, was admissible as it was "offered by the State to corroborate the testimony of the witness, whose credibility had been attacked." We nevertheless think the defendant was not prejudiced by the statement itself. As shown by the per curiam of the trial judge to the first bill of exception, the District Attorney upon pleading surprise sought to impeach the State's principal witness, and in so doing read the latter's statement in its entirety with no objection from the defense before the judge, who was the trier of the facts as the defendant had waived trial by jury. Moreover, like the first bill, the defendant merely concluded he had been prejudiced

without stating facts and giving details as to how he had been prejudiced.

■ The other bill[3] relied on by the defendant was reserved when the trial judge sustained the State's objection to a question addressed to the complaining witness on cross-examination: "How long did you have the blanket in your possession before it was washed?" While counsel did state in making this bill that the question was pertinent, they now argue they were unduly curtailed in their cross-examination of the complaining witness, but the bill itself does not in any manner show in what respects it was pertinent nor did defense counsel make further efforts to pursue this line of questioning.

For the reasons assigned, the conviction and sentence are affirmed.

**3.** The last bill, which was reserved by the defendant to the judge's denial of his motion for a new trial, was abandoned in this court.