294 So.2d 476 (1974)
STATE of Louisiana
v.
Chester Abert LAWRENCE.
No. 54170.
Supreme Court of Louisiana.
April 29, 1974.
Rehearing Denied June 7, 1974.
Philip L. Kitchen, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Harry F. Connick, Dist. Attys., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Chester Albert Lawrence was charged in a bill of information with violation of R.S. 14:64 in that he robbed Helen Hayward on August 11, 1972 of cigarettes and a lighter valued at $4.45 while armed with a knife. *477 He was tried by jury, found guilty and sentenced to serve eighteen years at hard labor.[1]
Although defendant reserved six bills of exceptions at trial, two of these bills, Nos. 4 and 6, were not briefed nor argued. They are, therefore, considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 1 was reserved after the trial judge ruled that the State's answers to paragraphs 3, 4, 5 and 6 of defendant's Prayer for Oyer were good and sufficient in law.
Defendant requested the following:
"1. All alleged oral confessions and/or statements or admissions of an inculpatory or exculpatory nature;
"2. All alleged confessions and/or statements or admissions reduced to writing, but unsigned;
"3. All quotations and/or paraphrases of alleged confessions and/or statements or admissions of an inculpatory and/or exculpatory nature made by the accused and reflected in the reports of the New Orleans Police Department and/or the files of the District Attorney;
"4. A true and exact copy of all technical laboratory reports and/or examination of all objects found or obtained at the place of, or in the vicinity of the alleged offense of an inculpatory and/or exculpatory nature, which may be used against accused by the State in this matter;
"5. A true and exact description or copy of any objects which may have been removed from the place of, or in the vicinity of, the alleged crime that may be of an inculpatory and/or exculpatory nature in regard to the defendant;
"6. A copy of all pictures of whatever kind of the scene made by or for the New Orleans Police Department, as they relate to the defendant and this case."
The State answered that defendant made no oral confessions, statements or admissions, either inculpatory or exculpatory, nor had defendant made any written statement. The defense was not entitled to the other information.
At the hearing of the prayer for oyer, the State was put under a general order that they "disclose to the defendant any, and all, evidence favorable to the defendant of an exculpatory nature, bearing upon due process of law, in light of Brady v. Maryland, 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963). Beyond that, the defense was entitled to no more."
The ruling of the trial judge is correct. Discovery in criminal cases is very limited. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967). It is well settled law of this State that the accused in a criminal case is without right to pre-trial inspection of the evidence upon which the prosecution relies for a conviction. State v. Frezal, 278 So.2d 64 (La.1973). All of the requests of defendant seek pre-trial discovery.
Bill of Exceptions No. 1 is without merit.
Bill of Exceptions No. 2 was taken to the denial of defendant's Motion to Suppress Identification.
Defendant was placed in a lineup shortly after he was arrested and before the time the bill of information was filed. He complains that no attorney was present at the lineup and that, thus, reversible error was *478 committed. It is his contention that the lineup was in violation of the Sixth Amendment guarantee as enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).
The decision of the United States Supreme Court in Kirby v. Illinois, 406 U. S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) settled that counsel is not required at a pre-indictment lineup identification such as occurred in the instant proceeding.
Bill of Exceptions No. 2 is without substance.
Bill of Exceptions No. 3 was reserved when the trial judge allowed the introduction of evidence pertaining to a similar act under R.S. 15:445 and 446.
Complying with the guidelines in State v. Prieur, 277 So.2d 126 (La.1973), the State filed notice of its intention to use evidence of another armed robbery in this armed robbery prosecution for the purpose of proving system and intent. Defendant objected. The trial judge ruled the evidence of the other act was admissible. A bill of exceptions was then reserved.
Helen Hayward, the victim in the instant case, was allegedly robbed by defendant around 8:30 of the night of August 11, 1972. Mrs. Hayward testified that when she was crossing the street at the corner of Desire and Abundance Streets, defendant put his arm around her throat and a knife to her back. He demanded money but when told she had none, he reached inside her dress and removed her cigarettes and lighter from her bosom. He then stated that, since she "didn't have any money he was going to take something else" referring to sexual relations. Mrs. Hayward testified that she saw the defendant face-to-face when she turned around. He dragged her towards a hall of a nearby apartment building and forced her to proceed to take off her clothes. At this point in time, some people came into the hall, a struggle ensued, and defendant ran. During the entire incident, which lasted about fifteen or twenty minutes, defendant repeatedly told Mrs. Hayward not to look at him. In spite of this admonition, she clearly saw his face and positively identified him as her assailant.
The testimony of Velma Johnson was introduced in this prosecution for armed robbery of Helen Hayward. Velma Johnson testified that around 8:30 or 9:00 on the night of August 27, 1972 (some sixteen days after the alleged robbery herein), she took a walk alone from where she lived in the 3300 block of Desire Street; that, after walking several blocks on this street, she was grabbed by defendant, Lawrence, who seized her arm and pushed an object against her side. Defendant pulled her towards a nearby building and kept telling her not to look at his face. However, she did so purposely in order that she could identify him later. Defendant demanded her money, and when told she had none, he reached inside her blouse. A watch she was wearing was taken by defendant and then he said: "I have other plans for you." Velma Johnson was dragged by defendant to a nearby building. She called to some children, and defendant ran. The whole incident occurred over a period of twenty to twenty-five minutes. Defendant was positively identified by Mrs. Johnson as her assailant.
Both of the above crimes occurred in approximately the same vicinity, in or near the Desire Housing Project, at about the same time of night only sixteen days apart. The method used in each robbery was identical. The victims were grabbed; a knife in the Hayward instance and an object in the Johnson instance were held against the victims. Both were searched for money inside their wearing apparel. Sexual satisfaction was the motive for these two victims being dragged to a nearby building. The robber admonished both victims not to look at his face. Each victim clearly saw the face of defendant and each positively identified him as her assailant.
*479 Here, as in the recent case of State v. Roquemore, 292 So.2d 204, handed down by this Court on March 25, 1974, the method and plan of operation in the two armed robberies were practically duplicates of each other and were part of a common system. Evidence of other armed robberies is admissible where almost identical tactics are used to show the system and modus operandi employed by the defendant. State v. Roquemore, supra; State v. Grant & Dixon, La., 295 So.2d 168, decided October 29, 1973; State v. Spencer, 257 La. 672, 243 So.2d 793 (1971); State v. Montegut, 257 La. 665, 243 So.2d 791 (1971). See State v. Thomas, 290 So.2d 690, decided by this Court on February 18, 1974.
Thus, the armed robbery of Velma Johnson by defendant on the night of August 27, 1972 was admissible in the present prosecution of defendant for the armed robbery of Helen Hayward on the night of August 11, 1972 since it followed the same system or modus operandi as the armed robbery charged herein. R.S. 15:446.
Having concluded that the evidence of the second armed robbery was admissible to show system or modus operandi, it is unnecessary for us to consider whether this evidence was also admissible in order to prove intent under R.S. 15:445 and 446.
Bill of Exceptions No. 3 is without merit.
The introduction into evidence of Exhibits S-1 through S-6 is the basis of Bill of Exceptions No. 5.
These exhibits are pictures that were shown to Helen Hayward, the victim of the present armed robbery, by the police a few weeks after the commission of the crime. Mrs. Hayward selected defendant's photographs from the rest and identified him as her attacker.
Defendant stated no ground for inadmissibility of these six pictures at the time the objection was made in the trial court. Nor does defendant set forth any reason for his objection in the perfected bill.
The State urges that where neither the objection nor the bill states any reason for the objection, nothing is presented for this Court's review. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Marcell, 248 La. 1019, 183 So.2d 341 (1966); State v. Foss, 158 La. 471, 104 So. 211 (1925).
Alternatively, the State urges, the bill has no merit as several witnesses testified concerning the selection of Lawrence's photograph from among the six pictures. It also contends these exhibits were, therefore, admissible in evidence at the trial to show, among other things, that defendant's picture was reasonably similar to the other five and did not stand out in any particular way.
In brief filed in this Court, defendant urges that the introduction of the photographs was prejudicial to defendant since they did not "tend to shed light upon the transaction before the Court."
We will assume that defendant has presented an alleged error for our review in this bill. The photographs here depict six men, all in the same garb, and in identical positions. They are similar in feature and in all other respects. The argument made in brief that the viewing of the photographs was prejudicial is without substance.
Bill of Exceptions No. 5 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I subscribe to the opinion, and add this note concerning Bill of Exceptions No. 3.
*480 That bill of exceptions was reserved when the trial judge overruled an objection to the prosecution's notice of intent to introduce evidence of another offense.
No objection was made by the defense to the introduction of the evidence on the trial of the case, and no other bill of exceptions was reserved. After the evidence of the other offense had been admitted, the trial court fully instructed the jury on the limited purpose for which the evidence of the extraneous offense was admitted. Further, the jury was instructed in the judge's charge on the limited purpose of the evidence, and that the defendant could only be convicted for the one charge specified in the bill of information. State v. Prieur, 277 So.2d 126 (La.1973).
The evidence of the extraneous offense in this case was so nearly identical to the offense charged that it clearly showed system, or modus operandi. The evidence of other crimes, even if they do show system or method, is not always admissible. It is only when evidence of other crimes, perhaps because of the system or method used, is relevant to a real issue in the case being tried, that it is admissible. State v. Moore, 278 So.2d 781 (La.1973).
The record does not reflect the grounds for defendant's objection to the notice given by the State to introduce evidence of extraneous offenses, but apparently it was not that such evidence was irrelevant.
The record discloses that such evidence is relevant to the issue of identity of the offender, and has substantial probative value.
Although the offense charged was of a serious nature, the amount of property involved was very small. The only witness to the offense charged was the victim. The defense was an alibi, of sorts. The defendant did not take the stand. Consequently, it was incumbent upon the State to adduce evidence relating to the identity of the perpetrator of the offense, and the trial judge was correct in overruling the defense motion.
NOTES
[1] Subsequent to the imposition of this sentence, defendant was charged as a multiple offender since he had previously been charged, tried and found guilty of attempted murder and sentenced to thirteen years at hard labor. Thus, the sentence herein was set aside, and defendant was sentenced to thirty-three years, in conformity with the provisions of R.S. 15:529.1.