325 So.2d 791 (1976)
STATE of Louisiana
v.
Robert POWELL.
No. 56782.
Supreme Court of Louisiana.
January 19, 1976.
*792 Bernette Joshua Johnson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Robert Powell by bill of information with having committed armed robbery in violation of LSA-R.S. 14:64. After trial, the jury found the defendant guilty as charged. The court sentenced the defendant to imprisonment for sixty-six years, without benefit of parole. He appeals his conviction and sentence, relying on seven assignments of error.
At about 11:30 p. m., on June 12, 1970, a New Orleans Public Service bus driver was robbed at gunpoint while his bus was making a stop at St. Maurice and North Galvez Streets in New Orleans. Six days after the robbery, a child found the stolen money changer in a vacant lot across the street from defendant's house. An eyewitness to the crime subsequently identified defendant as the perpetrator, and defendant was taken to police headquarters, where he confessed.

ASSIGNMENTS OF ERROR NOS. 1, 4, AND 6
Defendant consolidated these three assignments of error relating to the admission *793 of evidence at trial that the bus driver was shot and killed during the robbery. Assignments of Error Nos. 1 and 4 deal with testimony ("to see if he was dead" and "laying on the floor dying"), while Assignment of Error No. 6 relates to the admission into evidence of photographs showing the victim's body at the scene of the crime. As we stated in State v. Matthews, La., 292 So.2d 226 (1974):
"The record is clear that the robbery. . . and . . . shooting were part of a single, continuous transaction, integrated in both space and time. For all practical purposes, it would have been impossible to segregate a part of the transaction without destroying the continuity and coherence of the evidence. Under these circumstances, both testimony and photographs proving the entire transaction were admissible. LSA-R.S. 15:448; State v. Leichman, La., 286 So. 2d 649 (1973); State v. Jefferson, La., 284 So.2d 882 (1973); State v. Frazier, La., 283 So.2d 261 (1973); State v. Sears, 220 La. 103, 55 So.2d 881 (1951)."
These assignments of error lack merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 10
Assignments of Error Nos. 7 and 10 relate to the introduction of defendant's confession. Defendant reserved Assignment of Error No. 7 when the court overruled his motion to suppress the confession. The motion was filed and heard in the murder case involving the defendant but was reurged and again overruled in the instant case. The evidence adduced at the hearing on the motion to suppress is not contained in the record on appeal. However, the evidence relating to the taking of the confession was introduced at the trial as a basis for the jury to determine the weight to be given the statement. See LSA-C. Cr.P. Art. 703.
The basis of defendant's objection to the admissibility of the confession at trial was that the confession was not voluntary. In brief, defendant asserts that the confession was inadmissible because it was tainted by the defendant's illegal arrest. Since this objection was not raised in the lower court or ruled upon by the trial judge, it will not be considered on appeal. See LSA-C.Cr.P. Art. 841; State v. Burgy, La., 320 So.2d 175 (1975); State v. Preece, 264 La. 156, 270 So.2d 850 (1972).
To determine whether the confession was freely and voluntarily given, it is necessary to glean the pertinent facts from the lengthy predicate laid by the State for the admission of the confession in the instant case. Defendant was intermittently questioned from 3 p. m. until approximately 10 p. m., when he confessed. He was then arrested and taken to the assistant coroner, where he was examined to determine if he had been physically abused. There is no evidence of physical force, intimidation, threats, or pressure of any sort being used to elicit defendant's confession. The officers present when the defendant confessed testified that the defendant confessed his crime freely and voluntarily. Dr. Waldo Bernard, the assistant coroner who examined the defendant, testified that there was no evidence of any injury and that the defendant did not complain of discomfort or assert that he had been abused.
Based upon that evidence, the trial court correctly ruled that the confession was freely and voluntarily given and thus could be admitted into evidence.
Assignment of Error No. 7 is without merit.
Assignment of Error No. 10 was reserved to the trial court's ruling granting the State's request that the written confession be read to the jury. The record, however, reflects the confession was never actually read to the jury. It appears that the State instead submitted only a xeroxed copy of the confession to the jury for its examination.
*794 Assuming, however, that the confession was actually read, there is no error in reading a confession to the jury if the confession itself is admitted into evidence. The assignment of error is, therefore, without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant objected to the introduction into evidence of two "Rights of Arrestee" forms, S-24 and S-25. The trial court overruled defendant's objection, and he reserved Assignment of Error No. 9 to the court's ruling. At the time of his objection, defendant gave no reason or ground for his objection to the introduction of the evidence. It is well settled that counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. An assignment of error reserved to a trial court ruling where there is no basis for objection stated and no specific error pointed out presents nothing for the review of this Court. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Marcell, 248 La. 1019, 183 So.2d 341 (1966); State v. Foss, 158 La. 471, 104 So. 211 (1925).
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 12
Defendant reserved Assignment of Error No. 12 when the trial court overruled his relevancy objection to the introduction into evidence of S-4, a brown envelope bag. In brief, defendant asserts that the evidence is inadmissible because it was obtained as a result of an illegal arrest under the "fruit of the poisonous tree" doctrine. This objection was not raised in the trial court and will not be considered on appeal. See LSA-C.Cr.P. Art. 841; State v. Burgy, supra; and State v. Preece, supra.
Defendant contended at trial that the brown envelope was irrelevant. S-4 is an "hour bag" which the bus drivers carry. It was allegedly taken from the bus driver during the robbery. The police found the bag in a shallow hole in the defendant's front yard. It was discovered by the police in the presence of the defendant, his grandmother, and another woman.
In our opinion, the evidence was relevant to the State's case and the trial court correctly overruled the defendant's objection.
Assignment of Error No. 12 is without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
DIXON, J., concurs.