337 So.2d 210 (1976)
STATE of Louisiana
v.
Johnny RICHARDSON.
No. 57698.
Supreme Court of Louisiana.
September 13, 1976.
*211 James J. Gleason, III, Public Defender, 22nd Judicial Dist. Court, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty., Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Johnny Richardson, was charged by bill of information with the crime of simple burglary in violation of R.S. 14:62. After a jury trial he was found guilty and subsequently sentenced to five years imprisonment. On appeal he relies on four assignments of error.

Assignment of Error No. 1
This assignment was reserved when the prosecutor sought to admit into evidence photographs of the defendant's van and stolen items found therein. The basis of the assignment is that the judge erred in admitting the photographs into evidence without first allowing defense counsel a chance to examine them.
As stated in the defense brief, counsel did not object to the introduction of the photographs into evidence. Counsel merely wished to see them before they were handed to the jury. The trial judge was unduly restrictive in not allowing defense counsel an opportunity to see the photographs before they were passed to the jury. Exhibits whose nature has been concealed from the defense may never be presented to the jury, and if we could ascertain that the defense was prejudiced, we should reverse. Nevertheless, even at this stage, defense points to no reason why the photographs should have been excluded.
Assignment of Error No. 1 is without merit.
Assignment of Error No. 2
The defendant took the stand, recounting a different version of the events from the version told by the State's witnesses. The prosecutor asked the defendant whether it was therefore correct that the State's witnesses were perjurers and liars. Defendant objected, contending the questioning was improper because it is the jury's function to determine who was telling the truth. The trial judge overruled the objection on the grounds that the defendant was on cross-examination.
Such crude efforts at cross-examination are not to be encouraged, but we are not convinced that there has been such an abuse of the trial judge's discretion that a reversal is appropriate. It is proper to call attention to the contradiction between witnesses, but to try to force one witness to accuse others of perjury and lying is argumentative and normally non-productive. We find, however, that no undue prejudice resulted in this case.
Assignment of Error No. 2 is without merit.
Assignment of Error No. 3
Defense counsel stated that he had "six witnesses from upstairs" (i. e., the St. Tammany Parish Jail, located above the courtroom) and asked the judge whether he wanted the witnesses brought down separately or all at one time. The prosecutor then remarked: "They are not the characters that you can bring down at one time." Defendant moved for a mistrial on the basis of the prosecutor's remark. The judge denied *212 the mistrial motion, but admonished the jury to disregard the remark.
The prosecutor's remark (even though its meaning is unclear), was probably an improper attempt to impeach the credibility of defendant's witnesses before they were sworn to testify. However, it did not fall within the ambit of prejudicial remarks requiring a mistrial under C.Cr.P. 770. Rather, the judge was entitled to admonish the jury to disregard the remark, in lieu of declaring a mistrial, if satisfied that the admonition was sufficient to assure defendant a fair trial. C.Cr.P. 771. This single, offhand remark in no way denied the defendant a fair trial, and we find no error therefore in the refusal to grant a mistrial.
Assignment of Error No. 3 is without merit.
Assignment of Error No. 4
The prosecutor asked a defense witness on cross-examination: "What did I convict you of?" The defendant objected, on the grounds the witness could not be questioned about past convictions.
This contention is incorrect. Any witness on cross-examination may be questioned with regard to prior convictions. R.S. 15:495.
In brief, the defendant advances two additional grounds in support of his objection. He asserts that the question was improper in form, and that the convictions were on appeal, a fact of which the prosecutor was allegedly aware. Since these grounds were not raised in the trial court, they cannot be considered on appeal. C.Cr.P. 841; State v. Powell, 325 So.2d 791 (La.1976).
Assignment of Error No. 4 is without merit.
Accordingly, the conviction and sentence are affirmed.