337 So.2d 1096 (1976)
STATE of Louisiana
v.
Walter BURNETTE.
No. 57665.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 13, 1976.
*1097 Salvatore Panzeca, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Walter Burnette with the armed robbery of Pat O'Brien in violation of LSA-R.S. 14:64. After trial, the jury found the defendant guilty as charged. The trial judge sentenced the defendant to ninety-nine years in the custody of the Department of Corrections.
Defendant appeals his conviction and sentence, relying on nine assignments of error.
The background facts are these: On the night of May 26, 1974, two men later identified as Walter Burnette and Glenn Passman, came to the St. Tammany Parish home of Pat O'Brien, a widely known night club owner. After informing O'Brien that they had car trouble and needed to call for wrecker service, he admitted them. Burnette then drew a pistol on O'Brien and demanded his money. In a struggle, *1098 O'Brien was wounded and beaten. Nonetheless, he was able to grab a 22-calibre rifle and fire at the two men. The men then fled, taking with them two pistols owned by the victim. Both men were later apprehended.

ASSIGNMENT OF ERROR NO. 1
The defendant assigned his first error to the trial court ruling sustaining the State's objections during his opening statement. Defendant argues that the State's numerous objections during the opening statement, which the court sustained, prejudiced defendant's right to a fair trial.
Under Article 765 of the Louisiana Code of Criminal Procedure, the opening statement on behalf of defendant is optional. When the defense elects to make an opening statement, it is confined to an explanation of the nature of the defense and the evidence by which he expects to establish it. See State v. Roberts, La., 278 So.2d 56 (1973); State v. Spencer, 257 La. 672, 243 So.2d 793 (1971).
The State's objection, made four times, was that the defense counsel was not merely explaining the nature of the defense or outlining the evidence which he expected to offer, but was actually arguing his case to the jury. Defense counsel was stating that the defendant did not have to make an opening statement, that he could remain silent, and that the presumption of innocence would protect his client.
The State's objections were properly made. There was no harassment. As the trial judge correctly noted, defense counsel was exceeding the scope of the opening statement and was arguing his case to the jury.
The trial court did not abuse its discretion in sustaining the objections.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, the defendant contends that his motion for a change of venue should have been granted because of the extensive pre-trial publicity, repeatedly identifying the defendant and another as the persons apprehended for the robbery.
Louisiana Code of Criminal Procedure Article 622, dealing with a change of venue, provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
In State v. Bell, La., 315 So.2d 307 (1975), this Court set forth the following factors to be considered in determining whether to change venue:
"(1) the nature of pretrial publicity and the particular degree to which it has circulated in the community, (2) the connection of government officials with the release of the publicity, (3) the length of time between the dissemination of the publicity and the trial, (4) the severity and notoriety of the offense, (5) the area from which the jury is to be drawn, (6) other events occurring in the community which either affect to reflect the attitude of the community or individual jurors toward the defendant, and (7) any factors likely to affect the candor and veracity of the prospective jurors on voir dire."
In Bell, the Court stated that a defendant was entitled to a change of venue if he established that there were influences in the community which would affect the answers of the jurors on the voir dire, or the testimony of witnesses at the trial, or that for any reason, a fair and impartial trial could not be obtained in the parish.
The evidence offered on the motion for change of venue consisted almost entirely *1099 of defense Exhibit No. 1, consisting of fourteen newspaper clippings, containing news stories concerning the crime or proceedings. The State and defense stipulated that the stories were published after the commission of the crime.
Only one of the clippings shows the name of the newspaper in which it appeared, though all were introduced as having been taken from newspapers circulated in St. Tammany Parish, where the trial occurred. Only two of the clippings show the date of publication.
After carefully reviewing the evidence, as well as the answers of the prospective jurors during voir dire examination, we conclude that the defendant has not established a basis for a change of venue.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these assignments of error, defendant argues that the trial court erred in refusing to act on the State's objectionable references to "mug shots" in its opening statement and in its questioning of witnesses.
In State v. Price, La., 325 So.2d 780 (1976), while affirming the conviction despite the use of the term "mug shot," we stated that in some circumstances the use of the term might refer to another crime in violation of Article 770 of the Louisiana Code of Criminal Procedure.
In the instant case, however, there was no contemporaneous objection or motion for mistrial. In fact, defense counsel himself repeatedly referred to the photographs as "mug shots" during his cross-examination of witnesses.
Under Louisiana Code of Criminal Procedure Article 841, we cannot consider these alleged errors on appeal. See, e.g., State v. Varice, La., 292 So.2d 703 (1974); State v. Curry, 262 La. 616, 264 So.2d 583 (1972).
Assignment of Error Nos. 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, the defendant alleges that the lower court committed error by handcuffing and gagging him during a substantial portion of the trial. Defendant argues that the trial court violated the principle that the defendant is "entitled to dignity." He relies upon State v. Kinchen, La. 290 So.2d 860 (1974) and State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).
In the present case, the defendant's conduct in the courtroom was disruptive. He threw an ashtray, striking the trial judge. Additionally, he repeatedly cursed the judge.
In Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), the Supreme Court of the United States laid down guidelines for the trial of a disruptive defendant as follows:
"It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly."
We have recognized that the use of restraining devices, including manacles, is within the sound discretion of the trial judge. In the absence of a clear showing of abuse of discretion on the part of the trial judge, a conviction will not be disturbed on appeal because of the restraint imposed upon defendant. See State v. Daniel, La., *1100 297 So.2d 417 (1974); State v. Tennant, supra.
In the present case, the defendant's courtroom conduct was highly disruptive and reflected a flagrant disregard for elementary standards of decorum. The trial judge, in our opinion, acted well within the range of discretion vested in him.
Defendant's assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
In Assignment of Error No. 6, defendant alleges that the trial court erred in allowing the State to bring into the courtroom a "mysterious bag," which was seen by the jury but the contents of which were never offered in evidence. The bag was described by the trial judge as a "plain paper bag with no tag on it."
In brief, defendant contends that the presence of the bag was prejudicial, although at the time of the objection he advanced no specific basis for his objection. Defense counsel stated: "I object to the bringing in of the bag."
A general objection to a trial court matter for which no ground is stated presents nothing for review of this Court. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Marcell, 248 La. 1019, 183 So.2d 341 (1966); State v. Foss, 158 La. 471, 104 So. 211 (1925). Moreover, we agree with the trial judge that a plain paper bag could have no adverse effect on the jury.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant reserved Assignment of Error No. 7 to the trial court's severance of co-defendant Passman over his objection. Defendant argues that because co-defendant Passman chose not to waive his right against self-incrimination when called to testify, he was denied the right to cross examine Passman as a hostile witness and was denied the benefit of any inquiry as to certain exculpatory testimony by Passman.
Contrary to defendant's argument, the co-defendant had the right to assert his Fifth Amendment privilege whether he was trial jointly or separately. Moreover, we have often held that severance is not matter of right; rather, the granting or refusal of a motion for a severance is within the sound discretion of the trial court judge whose ruling will not be disturbed absent a clear abuse of discretion. State v. Frierson, La., 302 So.2d 605 (1974); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Ross, 263 La. 271, 268 So.2d 222 (1972). We find no abuse of discretion here.
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
In Assignment of Error No. 8, defendant complains of the trial court's denial of his motion for a continuance.
The Louisiana Code of Criminal Procedure provides that "an application for a continuance shall be by written motion alleging specifically the grounds upon which it is based." LSA-C.Cr.P. Art. 707. Initially, we note that the defendant did not file a written motion for a continuance. He simply "reurged" his written motion filed earlier, which had been granted. Additionally, he orally urged his co-counsel's absence due to illness as a ground for his continuance motion. The motion does not comply with the requirement of Article 707 that it be in written form. See State v. Weathers, La., 304 So.2d 662 (1974).
The defendant's motion for continuance filed on January 7, 1975, and heard on January 13, 1975, was based upon the inaccessibility of the defendant to his defense counsel. For a period of approximately sixty days prior to trial, defendant was moved from several different jails. Defense counsel argues that because of his law practice and its location in New Orleans, he was unable to adequately confer with the defendant. The court granted a continuance to January 15, 1975, to allow defense counsel additional time to confer with his client. In our opinion, the trial *1101 judge correctly denied an additional continuance on this ground.
Defendant's contention that the court erred in not continuing the case on the day of trial because of his co-counsel's absence is also without merit. Defendant was represented by an experienced attorney, thoroughly familiar with the case and quite capable of handling the defense.
The granting of a continuance is within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal unless it is clearly arbitrary and unreasonable. State v. Ganey, 246 La. 986, 169 So.2d 73 (1964); State v. Freeman, 245 La. 665, 160 So.2d 571 (1964). We find no abuse of discretion under the circumstances. See State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971).
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
As we have observed in connection with Assignment of Error No. 5, the defendant became disruptive in the courtroom. After he was handcuffed and gagged, the defense made an oral motion for the appointment of a lunacy commission to determine the defendant's capacity to stand trial. The motion was based entirely on the disruptive conduct.
Louisiana Code of Criminal Procedure Article 642 provides:
"The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed."
In denying the motion for the creation of a lunacy commission, the trial judge stated:
"As I stated before on that motion, the Louisiana law allows the appointment of a lunacy commission to determine present sanity if the court has reason to believe that such a lunacy commission is needed and I have dealt with this defendant now for at least three days personally. I have listened to motions filed by him. I have listened to him plead his own case. The court is convinced that there is no insanity involved, that the only thing involved is intentional intent to disrupt the judicial system, which the court will not allow and will not subvert it by granting a motion of this type, and I deny the motion."
The observations of the trial court judge are given great weight with regard to the appointment of a lunacy commission. State v. Luquette, La., 275 So.2d 396 (1973). In the absence of a clear abuse of discretion by the judge, his ruling will not be disturbed. We find no abuse of discretion here.
Assignment of Error No. 9 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs and assigns reasons.
DIXON, Justice (concurring).
While in agreement with the result, I disagree with the treatment of Assignment of Error No. 1 as unduly restrictive on defense counsel. Part of a lawyer's function is argument. The district attorney was wrong in objecting to the argument, and the trial judge erred in sustaining the objections. Nevertheless, the record does not support the defendant's contention that his right to a fair trial was prejudiced by these errors.
Further, the dicta in the treatment of Assignment of Error No. 7 is misleading. There are times when a severance must be granted to jointly charged defendants; the decision on a motion to sever may not be "discretionary" with the trial judge.