340 So.2d 296 (1976)
STATE of Louisiana
v.
John Robert NICOLAUS.
No. 58052.
Supreme Court of Louisiana.
November 8, 1976.
*298 Vincent Wilkins, Jr., Director and Appellate Counsel, Office of Public Defender, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The East Baton Rouge Grand Jury indicted John Robert Nicolaus for first degree murder, a violation of LSA-R.S. 14:30. A unanimous jury found the defendant guilty as charged. The trial court imposed the mandatory death sentence.
The defendant appeals from this conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the judge improperly excused a prospective juror for cause. He argues that it was not unmistakably clear that her conscientious scruples against capital punishment prevented her from making an impartial decision as to the defendant's guilt. See, LSA-C.Cr.P. Art. 798(2).
Counsel relies on Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). There the United States Supreme Court held:
". . . that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction."
On July 2, 1976, the U. S. Supreme Court invalidated the mandatory death penalty provision of our first degree murder statute, LSA-R.S. 14:30, as violative of the Eighth and Fourteenth Amendments, Roberts v. State of Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). Complying with this decision, this Court has concluded:
". . . that the appropriate sentence to be imposed upon a valid conviction for first degree murder is the most severe penalty established by the legislature for criminal homicide at the time of the offense, La.R.S. 14:29 et seq., which we may presume to be constitutional in the wake of Roberts v. Louisiana, supra. This penalty is imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years. See La.R.S. 14:30.1, as added by Acts 1973, No. III, § 1."
State v. Jenkins, La., 340 So.2d 157 (1976). See also State v. Sledge, La., 340 So.2d 205 (1976); State v. Morris, La., 340 So.2d 195 (1976); State v. Lee, La., 340 So.2d 180 (1976); State v. Craig, La., 340 So.2d 191 (1976).[1]
We have uniformly held that a defendant insulated from the death penalty has no valid Witherspoon complaint. State v. Rester, La., 309 So.2d 321 (1975); State v. Adams, La., 302 So.2d 599 (1974); State v. Brown, La., 302 So.2d 290 (1974); State v. Fallon, La., 290 So.2d 273 (1974).

ASSIGNMENT OF ERROR NO. 2
Defense complains of the court's denial of his motion for a mistrial. He argues that the jurors and prospective jurors saw the defendant attired in his jail uniform. He relies on Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Estelle held that the State cannot compel the accused to stand trial before a jury while dressed in identifiable prison clothes. The objective of this ruling was to protect *299 defendants from the mere possibility of an impairment of the presumption of innocence, which is basic to the adversary system.
We hold that Estelle is not directly applicable to the case at bar because the defendant was not compelled to stand trial attired in prison garb.
Although a jail attendant denied defendant's request to wear his own clothes, the Sheriff provided him with a shirt and blue denim pants, neither of which had any recognizable prison markings or numbers. The trial judge so noted. The shirt and blue denim jeans are similar to the casual clothing worn by many young people today. The members chosen for the jury viewed the defendant dressed in that attire less than three hours during voir dire examination. During this time, defense counsel failed to object to the clothes worn by the defendant. However, when the defense voiced an objection, the trial judge recessed and ordered that the defendant be given a different colored sport shirt.
We conclude that the trial judge correctly denied the motion for a mistrial.

ASSIGNMENTS OF ERROR NOS. 3, 4, AND 5
The defendant assigns as error rulings of the trial judge which allowed Dr. Hypolite Landry, the East Baton Rouge Parish Coroner, to testify to the victim's condition (a deceased surgical patient with multiple stab wounds) and the cause of his death (cardiac arrest caused by the loss of blood due to stab wounds of the chest and abdomen). The defendant objected to the above testimony on the grounds that it was hearsay and that it violated the best evidence rule.
The testimony discloses that the coroner personally observed the victim's body and conducted an examination. He did not perform a complete autopsy.
He observed that the victim had multiple stab wounds of the left back and left flank area, as well as a surgical incision of his abdomen and lung.
It is true that the Coroner's medical opinion was based in part upon the hospital records and the medical report of the operating surgeon but this does not render his testimony inadmissible.
In State v. Jones, La., 320 So.2d 182 (1975), we held:
"These bills were taken solely on the basis that the doctor's opinion as to the cause of death was based in part upon this medical report. We find no merit to the complaint. Under such circumstances, the doctor's opinion as to cause of death is not inadmissible merely because it is in part based upon other medical or laboratory reports as well as upon his personal examination. State v. Sneed, 316 So.2d 372 (La.1975). See McCormick on Evidence, Sections 15, 314 (at pp. 732-33) (2d ed., 1972). Cf. Federal Rule of Evidence 703 (1975); also State v. Bray, 292 So.2d 697 (La.1974). The defense was not prevented from securing the testimony of the pathologist, for instance, if there had been any serious issue as to the cause of death being other than the stab wound; nor are we presented with a borderline diagnosis, where the trial court's discretion might condition the admission of the witness's opinion as to cause of death upon producing the pathologist (upon whose report the witness in part relied) for cross-examination, McCormick, Ibid."
Here, as in the case cited, there was no serious issue as to the cause of death. We conclude that these assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 6
This complaint arose during the direct examination of Terry Sullivan, one of defendant's accomplices. He asserts that the court erred by allowing the prosecutor to repeatedly question Sullivan as to who stabbed the victim after he had responded that he did not know. Defense counsel asserts that the trial court abused its discretion.
*300 The transcript indicates that the prosecutor covered this ground three times. In defending its repetitive interrogation, the State retorted that it was necessary to pursue this type of examination since its witness had become hostile. Although the judge overruled the objection, the State never returned to this line of questioning.
The trial judge is vested with sound discretion in the examination of witnesses. LSA-R.S. 15:275. Although the State's question was repetitious, the answer sought was extremely relevant to the defendant's guilt or innocence. We discern no basis to conclude that the judge abused his discretion.

ASSIGNMENT OF ERROR NO. 7
On cross-examination, the district attorney asked Stanley Sullivan, the father of an accomplice of the defendant, what he knew about this case. He replied that he knew nothing. The following interrogation then occurred:
"[DISTRICT ATTORNEY]: Well, let me ask you this. When your son was on trial here not long ago, you stood there and you pleaded the Fifth Amendment . . .
"[DEFENSE COUNSEL]: I object to the question. I don't think its relevant at all in this case and I think it's improper cross examination.
"[DISTRICT ATTORNEY]: I think it's very relevant.
"THE COURT: The objection is overruled." (Tr. pp. 226-227)
In his brief, the defendant contends that the court erred in overruling his objection. He asserts the Fifth Amendment privilege against self-incrimination invoked by the witness is a prior inconsistent statement, and that the State failed to lay the proper foundation mandated by LSA-R.S. 15:493.
The purpose of an objection is to apprise the trial judge of the alleged error and the basis for the complaint. The judge is thus afforded the opportunity to intelligently rule on the complaint and to take corrective action. The judge is not afforded this opportunity when a vague and general objection is urged, such as the one before us: improper cross-examination. State v. Irvine, 126 La. 434, 52 So. 567 (1910). Since the objection made at this trial is not sufficiently specific to alert the judge to the ground of the complaint, we think it is insufficient. In State v. Powell, La., 325 So.2d 791 (1976), we stated:
"It is well settled that counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. An assignment of error reserved to a trial court ruling where there is no basis for objection stated and no specific error pointed out presents nothing for the review of this Court. State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Marceil, 248 La. 1019, 183 So.2d 341 (1966); State v. Foss, 158 La. 471, 104 So. 211 (1925)."
Since the United States Supreme Court struck down our provisions relative to capital punishment, the defendant must be resentenced. Roberts v. State of Louisiana, supra. The appropriate sentence to be imposed on a defendant properly convicted of first degree murder but improperly sentenced is the most severe penalty set forth for criminal homicide at the time of the offense. Therefore, the defendant is to be resentenced to imprisonment at hard labor for life without the benefit of parole, probation, or suspension of sentence for a period of twenty years. See State v. Jenkins, supra.
For the reasons assigned, the conviction is affirmed, but the death sentence imposed is annulled and set aside, and the case is remanded to the district court, with instructions to the trial judge to sentence the defendant to imprisonment at hard labor for life without eligibility for parole, probation, or suspension of sentence for a period of twenty years.
TATE, J., concurs in the result as to Assignment No. one for reasons assigned in the concurring opinion in State v. Miles, La., 339 So.2d 735 (1976).
*301 CALOGERO, J., concurs in the result, and does not agree with the majority's treatment of Assignment of error No. 7.
NOTES
[1] The author of this opinion dissented from the sentence reduction in these judgments. See his dissent in State v. Davenport, 340 So.2d 251 (1976).