358 So.2d 293 (1978)
STATE of Louisiana, Appellee,
v.
Clarence DUKE, Appellant.
No. 61034.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*294 John P. Nelson, Jr., Nelson, Nelson & Lombard, Ltd., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of public bribery, La.R.S. 14:118, and sentenced to serve three years at hard labor. His appeal raises seven assignments of error, of which only Assignment 5 (relating to improper prosecutorial closing argument) raises an issue which might require reversal.
Assignment 5
The serious contention raised by this assignment concerns improper comments by the prosecutor in closing argument.
The prosecutor stated: "[The defense counsel] tells you that I'm harassing him [the accused] because I'm prosecuting him. Well, let me tell you, Gentlemen, like I said before. I'm doing my job, and my job is to convict people that I feel are guilty. And that's exactly what I'm doing. I've nol-prossed many, many cases. I've dismissed cases, Gentlemen."
At this point, the prosecutor was interrupted by defense counsel's objection and motion for a mistrial. The trial court sustained the objection and admonished the jury to disregard the prosecutor's comment, but it denied the mistrial.
The prosecutor's remarks were clearly improper, as the trial court correctly held by sustaining the objection. The argument went beyond the evidence, La.C.Cr.P. art. 774, but, more important, it unfairly tended to add to the probative force of the actual trial testimony, the weight of the prosecutor's personal knowledge and the influence of his official position. State v. Hamilton, 356 So.2d 1360 (La.1978); State v. Kaufman, 304 So.2d 300 (La.1974).
The more serious issue, however, is whether the district court erred in refusing a mistrial. Hamilton and Kaufman note that our jurisprudence has regarded this type of error as prejudicial, if the prosecutor's argument clearly indicates that it is an expression of his personal belief of the accused's guilt not expressly or impliedly based on the evidence in the record, or if (in derogation of the constitutional presumption of innocence) the argument invokes the influence of the prosecutor's official position by a clear implication that the defendant would not have been prosecuted unless he were in fact guilty.
In isolated excerpt, the portion of the argument quoted appears to fall within *295 that category of prejudicial prosecutorial argument which requires mistrial.
Nevertheless, in the context of the entire argument by both counsel, the comment was apparently intended as a response to the defense argument that the entire prosecution was based upon entrapment and deliberate harassment in order to close down the accused's legitimate motel operation. The apparent intent of the prosecutor was to reply that the present trial represented just an ordinary criminal prosecution, not a state conspiracy to put the defendant out of business. The difficulty, of course, is in the overstatement of this point of view, affording to these two isolated sentences the reversible implications noted.
Ultimately, we conclude that, under the circumstances and in the context of the entire argument, the admonition instead of a mistrial was sufficient to assure a fair trial. La.C.Cr.P. art. 771. These circumstances include: the isolated context of the comment in the light of the entire argument; the prompt objection to it, promptly sustained with an admonition to the jury to disregard it; That the brief comment only by implication indicated the prosecutor's improper suggestion that he himself believed the accused guilty and only prosecuted guilty personsan implication which (due to the brevity of the comment and the swiftness of curative admonition by the judge) was unlikely to have been deduced by the jury; and the non-improper intended nature of the comment, which (in the context of the entire argument by both counsel) was only to respond to a defense argument contending there was improper harassment of the accused by the prosecution.
Assignment 6
The only other assignment that concerns an issue likely to recur is Assignment 6. By this assignment, the defendant complains that, over objection, the state by cross-examination was able to ask him whether the police officers were lying when they testified contrary to himself on two points.
The trial court should have sustained the objection. We have repeatedly disapproved this type of cross-examination as improperly argumentative. State v. Richardson, 337 So.2d 210 (La.1976); State v. Scott, 320 So.2d 538 (La.1975); see also State v. Lewis, 353 So.2d 703 (La.1977).
We have not until now found the improper question so prejudicial as to require reversal, and we do not so hold now. However, persistence in the practice may require us to re-examine our holdings to this effect.
Conclusion
The other assignments do not present arguably reversible error, nor do they involve legal issues either not governed by clearly applicable legal principle or else likely to arise in the future. We have discussed and disposed of them in an appendix attached hereto, which remains a public record of this court but which will not be published with this opinion.
Accordingly, for the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.
CALOGERO, J., dissents being of the view that there is merit in assignment of error No. 5.