**Carl Joseph DAVIS, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary and William J. Guste, Jr., Attorney General, Respondents-Appellees.**

No. 82–3719

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1983.

---

Carl Joseph Davis, pro se.

E. Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondents-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

After trial by jury, Carl Joseph Davis, was convicted of attempted first degree murder and was sentenced to twenty-five years. On direct appeal, the judgment was affirmed without opinion. *State v. Davis,* 360 So.2d 183 (La.1978). The state trial court denied habeas corpus relief and the Louisiana Supreme Court denied Davis' application for remedial writs. Davis then filed an application for habeas corpus in federal district court. The magistrate rec-

ommended denial of habeas corpus relief on the basis of the state record. Although the magistrate advised Davis of the necessity of filing written objections to the report, Davis filed no objections. The district court adopted the magistrate's report and dismissed Davis' habeas corpus petition. Davis filed an application to continue in forma pauperis and for certificate of probable cause, considered as timely notice of appeal.

Davis raises three claims on appeal. First, he contends that he was denied due process and a fair trial when the state was allowed to amend the information the day prior to trial. The information, filed February 23, 1977, charged Davis with attempted first degree murder. On March 29, 1977, the state amended the charge to allege attempted second degree murder. On June 8, 1977, the date scheduled for trial, the court granted, over defense objection, the state's motion to amend the information again, this time to allege attempted first degree murder. The scheduled trial was reassigned to the next day. Although the defense objected that it was not fair to allow the amendment, the defense did not object to going to trial on the scheduled date or request a continuance; instead, the defense announced ready.

Article 487, LSA–C.Cr.P., provides that "[b]efore the trial begins the court may order an indictment amended with respect to a defect of substance." Article 489 of the Code provides in pertinent part: "If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time." In his brief filed in the district court, Davis averred that "[c]ontinuance is the remedy for a defect," but he alleged no reason why he did not seek a continuance. Nor did he allege any actual prejudice except "surprise" and the "unfairness ... of switching back and forth the proper offense to be charged by the state."

In his brief on appeal, Davis alleges that the nature of the offense was charged because he had to defend against two new elements: (1) the specific intent to kill element of attempted first degree murder and (2) one of the predicate felonies required to prove attempted first degree murder.[1] Davis cites LSA–R.S. 14:30(1) which was revised in 1979 to provide as follows:

First degree murder is the killing of a human being:

(1) When the offender has specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated escape, aggravated arson, aggravated rape, aggravated burglary, armed robbery, or simple robbery;

. . . .

That version of the statute, which was enacted in 1979, was not in effect when Davis was tried. In 1976 when Davis committed the criminal act and in 1977 at the time of his trial, the 1973 version of the statute was in effect. That version read as follows:

First degree murder is the killing of a human being:

(1) When the offender has a specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, aggravated rape or armed robbery; . . . .

Prior to the 1973 amendment, applicable to crimes committed after July 2, 1973, the statute had provided that first degree murder is the "killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm."

Federal habeas corpus review of Davis' constitutional claim is precluded by the *Wainwright v. Sykes* bar. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under Louisiana law, Davis' failure to file an application for a continuance prevents direct appellate review of his claim that he was prejudiced in his defense by the amendment of the information on the eve of trial. *State v. Nero,* 319 So.2d 303, 306 (La.1975); *State v. Hub-*

---

1. Davis alleges that the predicate felony was    not specified by the State.

*bard,* 279 So.2d 177 (La.1973).[2] Davis' state procedural default constitutes an independent and adequate state ground for the state court decision. Under *Sykes,* when a procedural default bars state litigation of a constitutional claim, the state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Davis cannot meet the "cause" prong of *Sykes.* He has wholly failed to demonstrate any cause, much less "good cause," for his failure to file a motion for a continuance. The merits of Davis' constitutional claim are therefore unreviewable.[3]

Davis next claims that he was denied due process and a fair trial when the trial court sustained two objections during the defense opening statement. The first statement was as follows: "Now, before talking about this crime or this particular incident, I think we should first consider who is on trial. Basically, it's not just Carl on trial. We're all on trial; our court system, you the jurors—" The court sustained the objection on the grounds that counsel was exceeding the scope of opening statement. The other remarks were the following: "By definition, a crime is an act or conduct which the legislature has prohibited, has put a limit on it and says, 'You cannot do it.' It has elements. As an example, I'd like to take the simple example, possession of marijuana —" The court again sustained the state's objection on the ground of exceeding the scope of opening statement.

LSA–C.Cr.P. Art. 766 governs the scope of the opening statement of the State: "the opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge." Under Article 765, LSA–C.Cr.P., an opening statement on behalf of the defendant is optional. The Louisiana Supreme Court has held that "[w]hen the defense elects to make an opening statement, it is confined to an explanation of the nature of the defense and the evidence by which he [sic] expects to establish it." *State v. Burnette,* 337 So.2d 1096, 1098 (La.1976). The trial court's rulings were in accord with *Burnette.* Furthermore, Davis is merely complaining about a discretionary ruling of the trial judge. It is clear that Davis' allegation does not amount to a violation of his constitutional rights; his claim, therefore, is not cognizable under 28 U.S.C. § 2254.

Finally, Davis contends that he was denied due process in that the state failed to prove the necessary elements of the crime charged, attempted first degree murder. It is evident from Davis' brief that he does not argue the claim raised in the district court that the state failed to prove the element of specific intent.[4] Claims not pressed on appeal are deemed abandoned. *Red v. Blackburn,* 636 F.2d 1027, 1028 (5th Cir.1981). Davis' entire argument, made for the first time on appeal, is based on his allegation that the State did not produce any evidence of one of the predicate felonies enumerated by the attempted first degree murder statute which was in effect at the time he committed the crime. This claim constitutes no part of

---

**2.** The *Hubbard* court stated as follows:

[I]f appellant considered that he had been prejudiced in his defense with respect to the amendment so made, it was incumbent upon him to file a motion for a continuance in accordance with Article 489 of the Code of Criminal Procedure ....

\* \* \* \* \* \*

Consequently, there being no formal application for a continuance, nothing is presented for us to review.

Since no motion for a continuance was made, no complaint can now be asserted by appellant.

*Hubbard,* 279 So.2d at 180 & 181.

**3.** For the sake of clarity, this Court notes that Louisiana law requires proof of a specific intent to kill for the offenses of both attempted first degree murder and attempted second degree murder. *State v. Strother,* 362 So.2d 508, 509 (La.1978).

**4.** The district court considered this contention and, in a well-considered discussion, rejected it.

Davis' petition; this Court will not allow the petitioner to inject an unexhausted claim into his petition.[5] Davis' claim that the State failed to produce any evidence of a predicate felony is dismissed as unexhausted. Dismissal is without any prejudice to petitioner's right to present this claim to the state courts.

AFFIRMED.

---

**5.** Davis' allegation is a matter of great concern, but this Court is obligated to dismiss his petition. Sound judicial policy and considerations of federal-state comity require that the state courts have the first opportunity to correct any possible constitutional violation. *See Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).