IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30077
Summary Calendar
_____

ULYSSES JOSEPH,

                                        Plaintiff-Appellant,

                              versus

WARDEN HEBERT; KEVIN MILLET; JIMMY OUBRE; JAMIE ST ANDRUS;
JARRETT LNU, in their individual and official capacities,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-725-N
_____

February 10, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ulysses Joseph appeals from the judgment entered in favor of the defendants on his § 1983 claims. We AFFIRM.

Jail officials conducted a "lockdown" after a fight at St. John the Baptist jail, and prisoners threw food and debris into hallways from their cells in protest. Joseph alleged that he was beaten by the warden and sheriff's deputies after he admitted to participating in the fight.

Joseph sued the deputies and warden under 42 U.S.C. § 1983, alleging that he suffered severe injuries as a consequence of an

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excessive use of force and that he was denied medical treatment. By written consent of the parties, the case was tried to a magistrate judge without a jury.

Joseph did not brief the claim that he was denied medical treatment. Claims are deemed abandoned if not argued on appeal. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983). The only claim before us is Joseph's excessive force claim.

Joseph testified at trial, and four other inmates testified by telephone or video conference. The magistrate judge found the inmates' testimony incredible because of their demeanor, inconsistencies in their testimony about the length of the alleged beating, and the nature of their version of events. The magistrate judge also considered the felony convictions of the inmates as a factor in weighing the credibility of their testimony. He determined that during the lockdown, Joseph encouraged other inmates to protest, that deputies removed him from his cell to prevent his further inciting the inmates, that he resisted, and that the deputies used the force necessary to subdue him. The magistrate judge directed entry of judgment in favor of the defendants.

Joseph argues that the magistrate judge erred in crediting the defendants' testimony while discrediting the inmates' testimony. Joseph maintains that the magistrate judge gave undue weight to the inmates' felony convictions in weighing their credibility as witnesses.

We review the trial court's findings of fact for clear error. *See Hall v. National Gypsum Co.*, 105 F.3d 225, 228 (5th Cir. 1997).

We do not find clear error in the magistrate judge's findings of fact. Joseph's claim that the magistrate judge discredited the inmates' testimony primarily or even solely on the basis of their felony convictions is not supported by the record. The magistrate judge heard extensive testimony about the incident from the inmates and deputies. His Findings of Fact and Conclusions of Law shows that he considered not only the witnesses' felony convictions but also their demeanor, inconsistencies in their testimony and the substance of their version of events. He also considered photographic and medical evidence that showed Joseph's injuries to be slight and not consistent with the severe beating described by the inmates. The magistrate judge did not give undue weight to the inmates' felony convictions in considering their testimony. A felony conviction may be admissible to impeach a witness' testimony. *See* Fed. R. Evid. 609. The magistrate judge was entitled to consider the witnesses' felony convictions in assessing their credibility.

AFFIRMED.