# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 00-50037
Summary Calendar

ERICA MARIE TEJADA; EVELYN M. GARZA; ANTHONY BELANGER,
Individually and as Personal Representative of the Estate of
Erik Jason Belanger, deceased,

Plaintiffs-Appellants,

versus

STAN KNEE, Chief, Police Chief for the City of Austin Police
Department, Individually and in his official capacity;
FOUR UNKNOWN POLICE OFFICERS, Individually and in their Official
Capacity; CITY OF AUSTIN, a municipal corporation,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-668-JN
--------------------
July 19, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiffs appeal the district court's Fed. R. Civ. P. 12(b)(6) dismissal of their civil rights action for failure to state a claim upon which relief can be granted. The plaintiffs' 42 U.S.C. § 1983 complaint sought to recover damages arising from an automobile accident, alleging that: (1) four unknown police officers unconstitutionally ordered the plaintiffs to leave the scene of a public disturbance in an automobile, even though the officers were aware that the plaintiffs were legally intoxicated,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2) the officers' constitutional violation was caused by the policies and customs of Chief Knee and the City of Austin.

As the plaintiffs did not allege that Chief Knee was personally involved in the incident in question and as supervisory personnel cannot be held liable in a § 1983 case under a vicarious-liability theory, the plaintiffs failed to state a claim against Chief Knee in his individual capacity.  See Becerra v. Asher, 105 F.3d 1042, 1045 (5th Cir. 1997).

The plaintiffs have abandoned their First, Fourth, and Fifth Amendment claims by addressing on appeal only their substantive due process claims.  See Davis v. Maggio, 706 F.2d 568, 571 (5th Cir. 1983).  "The Due Process Clause of the Fourteenth Amendment confers upon an individual the right to be free of state-occasioned damage to [his] bodily integrity, not the entitlement to governmental protection from injuries caused by non-state actors."  Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997).  Although the Supreme Court has recognized an exception to this general rule for cases in which there was a special relationship between the state and the individual by virtue of arrest, incarceration, institutionalization, or the like, no such special relationship existed in this case.  See id.

The plaintiffs contend that there is another applicable exception because the state actors in this case created the danger to which the plaintiffs were subjected.  Although this court has not affirmatively held that the state-created danger theory is valid, see Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995), we have described its requirements as follows:

> the environment created by the state actors
> must [have] be[en] dangerous; they must [have]
> know[n] it [wa]s dangerous; and, to be liable,
> they must have used their authority to create
> an opportunity that would not otherwise have
> existed for the third party's crime to occur.
> Put otherwise, the defendants must have been
> at least deliberately indifferent to the
> plight of the plaintiff.

Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 201 (5th Cir. 1994) (emphasis added).

Even if it is assumed that the state-created danger theory would be accepted by this court and that the four unknown police officers created a dangerous environment, the plaintiffs' argument must fail. The plaintiffs' allegations indicate that the officers were acting under tense circumstances demanding their instant judgment, without the opportunity for repeated reflection. The officers' actions are thus subject not to a deliberate-indifference standard, but to an intentional-harm standard. See County of Sacramento v. Lewis, 523 U.S. 833, 853-54 (1998). As the plaintiffs did not allege that the officers intended to cause them harm, the plaintiffs have failed to allege facts sufficient to implicate the state-created danger theory.

Because the plaintiffs failed to state a claim against any individual defendant, there is no underlying constitutional violation for which the municipal defendants can be derivatively liable on the basis of their policies or customs. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Thus, the plaintiffs failed to state a claim against the four unknown police officers in their official capacities, Chief

Knee in his official capacity, and the City of Austin.  The judgment of the district court is **AFFIRMED**.