**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-41252
Summary Calendar

GREGORY LAWRENCE MOORE,

Plaintiff - Appellant

v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; CHARLES D. LIGHTFOOT, Major
of Correctional Officers - Beto One Unit Classification; CORNELIUS E
SMITH, Captain of Correctional Officers; SHELY S BALDWIN, Correctional
Officer; J P GUYTON, State Classification Committee; SAMMY
BUENTELLO, State Classification Committee,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC 6:03-CV-82

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A panel of this court has already determined that Defendants in this case, Officer Guyton and Major Lightfoot[1], are entitled to qualified immunity in this suit arising under 42 U.S.C. § 1983. *Moore v. Lightfoot*, 286 F. App'x 844 (5th Cir. 2008) (per curiam) (unpublished). That panel remanded with instructions to the district court to enter summary judgment for Defendants. The district court then did so. Moore has now appealed that judgment. The law of the case doctrine controls this appeal. *Free v. Abbott Laboratories*, 164 F.3d 270, 272 (5th Cir. 1999). Moore has presented no evidence or argument supporting reconsideration of the issue. We therefore AFFIRM the district court's grant of summary judgment.

---

[1] Although Moore has listed four additional parties as defendants in his appeal, three of these parties were previously voluntarily dismissed from the case (Smith, Cockrell and Baldwin). This voluntary dismissal is unappealable. *See Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). Moore has presented no argument as to the liability of the fourth (Buentello), and any claim against him is therefore abandoned. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983).