# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

No. 12-40862
Summary Calendar

Lyle W. Cayce
Clerk

JOYCE ANGELA SHATTEEN,

Plaintiff–Appellant,

versus

JP MORGAN CHASE BANK, N.A.,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:10-CV-107

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joyce Shatteen defaulted on her home mortgage. Proceeding *pro se*, she appeals the dismissal of claims against her loan servicer, JPMorgan Chase

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40862

Bank, N.A. ("JPMorgan Chase").  We affirm.

I.

After refinancing, Shatteen executed a deed of trust and promissory note in 1999.  In 2006, she and her original servicer, Washington Mutual, agreed to a loan modification that required monthly payments of $1052.62.  By early 2008, Shatteen had fallen behind and began negotiating a further modification with Washington Mutual.  She last made a payment on May 30, 2008.

After Washington Mutual was closed by the Office of Thrift Supervision in September 2008, JPMorgan Chase acquired the right to service Shatteen's loan.[1]  In a letter dated May 15, 2009, Shatteen was offered a loan modification that included a down payment of $3032.70, due May 29, and an initial monthly payment of $1038.99.

Though on appeal she denies doing so, the record shows that Shatteen responded to that offer by requesting a sixty-day extension to make the down payment.  On June 5, JPMorgan Chase tendered a new written offer that would have entailed monthly payments of $1516.35.  Shatteen alleges that, on or about June 8, she was orally offered a loan modification that would have lowered her payments to approximately $1032.  For reasons unknown, she never received any paperwork substantiating that offer.  After JPMorgan Chase initiated fore-closure, Shatteen sued.  The district court dismissed all of her claims on sum-mary judgment.

II.

Much of Shatteen's briefing focuses on litigation between JPMorgan Chase and other parties.  We will not address arguments regarding consent decrees and

---

[1] JPMorgan Chase continued to use the name "Washington Mutual" in correspondence with Shatteen.

other litigation made for the first time on appeal. *See, e.g.*, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam). Moreover, Shatteen has no standing to enforce consent decrees to which she is not a party. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975).

By failing to raise it in her opening brief on appeal, Shatteen abandoned any claim that JPMorgan Chase violated the Real Estate Settlement Procedures Act or "recent federal law initiatives." *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).[2] She also waived her breach-of-contract claim: Her initial brief alleges that JPMorgan Chase has breached contracts with "plaintiffs" but does not identify any specific breach applicable to this case.[3]

Similarly, Shatteen fails to press her claims that JPMorgan Chase violated the Texas Deceptive Trade Practices Consumer Protection Act and the Texas Business and Commerce Code. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) (per curiam). Shatteen mentions both of those statutes in a conclusional fashion but fails to cite the applicable legal standard or relevant authority.[4]

Both of Shatteen's remaining state law claims—for common-law fraud and promissory estoppel—require a showing of detrimental reliance.[5] She has not demonstrated that she relied on JPMorgan Chase's alleged oral promise of reduced payments, such as by remitting the agreed-upon amount each month.

---

[2] Nor does Shatteen's allusion to recent "federal law initiatives" such as the Home Affordable Modification Program state a cognizable claim upon which relief could be granted.

[3] Shatteen's attempt to revive abandoned claims in her reply brief—by invoking the "plain error" standard—conflates forfeiture and waiver. "An appellant abandons all issues not raised and argued in its initial brief on appeal." *Cinel*, 15 F.3d at 1345.

[4] *See United States v. Skilling*, 554 F.3d 529, 568 n. 63 (5th Cir. 2009), *vacated in part on other grounds by Skilling v. United States*, 130 S. Ct. 2896 (2010).

[5] *See Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (interpreting Texas law and articulating the elements of common law fraud, which include reliance and injury); *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983) (noting that the elements of promissory estoppel include detrimental reliance).

No. 12-40862

As noted above, she made no payments at all for more than two years before JPMorgan Chase initiated foreclosure proceedings.

Moreover, Shatteen defaulted on her loan when her monthly payments under the 2006 modification were $1052.62. In her April 2009 loan-modification application, she claimed she could afford monthly payments of between $750 and $1000. It follows, therefore, that she could *not* afford payments of more than $1000 per month. Thus, even assuming the summary judgment evidence supported a finding that JPMorgan Chase made a false oral representation upon which Shatteen relied, its unsubstantiated offer to reduce her monthly payment to $1032 did not result in damage or legal injury.

The summary judgment is AFFIRMED.