# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40389
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2014

Lyle W. Cayce
Clerk

WESLEY MYERS; CATHY MYERS,

Plaintiffs – Appellants

v.

CITIMORTGAGE, INCORPORATED,

Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:12-cv-00028

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Wesley and Cathy Myers ("the Myers") filed this suit against Defendant-Appellee CitiMortgage, Inc. ("CitiMortgage") to enjoin foreclosure on their property. The Myers now appeal the district court's March 7, 2013 order denying their motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the district court's order is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40389

I.

On February 13, 2013, the Myers filed a motion to alter or amend judgment under Rule 59(e).  In their motion, the Myers asked the district court to reconsider (1) the court's prior denial of the Myers's motion to amend the complaint and (2) the court's prior denial of the parties' motion for a continuance.  On March 7, 2013, the district court denied the Myers's Rule 59(e) motion.  The Myers timely appealed.[1]

We generally review a district court's denial of a Rule 59(e) motion for abuse of discretion.  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "However, to the extent that a ruling was a reconsideration of a question of law . . . the standard of review is *de novo*."  *Id.* (internal quotation marks and citation omitted).  For relief under Rule 59(e), the movant must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Id.* (internal quotation marks and citation omitted).  The Myers have not met this standard.

*a. Reconsideration of Motion to Amend*

On November 14, 2012, the Myers filed a motion for leave to file an amended complaint.  CitiMortgage opposed the motion on the grounds that (1) the motion to amend was untimely and the Myers had not shown good cause for the late filing, and (2) the proposed amended complaint failed to state a claim and therefore amendment would be futile.  On January 16, 2013, the court denied the Myers's motion to amend on the ground that the proposed amended complaint failed to state a claim under Rule 12(b)(6).  The court stated that it need not address the timeliness of the Myers's motion to amend

---

[1] Although the Myers's motion mentions both Rules 59(e) and 60(b), the district court interpreted the motion as a motion under Rule 59(e) because it was filed within twenty-eight days of the court's order of dismissal.  The Myers do not dispute this interpretation on appeal. The motion also asked the court to amend its order of dismissal to be "without prejudice." The district court denied this request.  The Myers similarly do not raise this issue on appeal.

2

because the "Plaintiffs' proposed amended complaint fails to state a claim upon which relief can be granted." In their Rule 59(e) motion, the Myers moved for reconsideration of the district court's denial of leave to amend. The district court denied reconsideration.

A district court may deny leave to amend a complaint if amendment would be futile. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Amendment would be futile if the proposed amended complaint fails to state a claim for relief under Rule 12(b)(6). *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (5th Cir. 1991) ("[A]n amendment may not be allowed if the complaint as amended could not withstand a Fed. R. Civ. P. 12(b)(6) motion.").

On appeal, the Myers contend that the district court erred in denying reconsideration of its prior denial of leave to amend. In particular, the Myers assert that they had "good cause" for filing their motion to amend after the amendment deadline. As stated above, the district court did not deny amendment on the ground of untimeliness. Rather, the court denied amendment on the independent ground of futility. The Myers do not challenge the district court's finding that that the proposed amended complaint fails to state a claim under Rule 12(b)(6). As a result, they have abandoned any challenge to this finding on appeal. *See In re Cao*, 619 F.3d 410, 420 (5th Cir. 2010); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [the appellant] failed to assert."); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("[C]laims not pressed on appeal are deemed abandoned."). Accordingly, the Myers have not shown that the district court erred in denying relief under Rule 59(e) on this ground.

b. *Reconsideration of Motion for a Continuance*

No. 13-40389

On January 7, 2013, the parties filed a motion to continue the May 13, 2013 trial date and the deadlines for pretrial filings for ninety days so that the parties could explore the "potential resolution of the dispute" through a possible loan modification. At the time of the motion for a continuance, CitiMortgage's motion to dismiss had been pending for ten months and the Myers's motion to amend had been pending for almost two months. On January 11, 2013, the district court denied the parties' motion for a continuance. Five days later, the court granted CitiMortgage's motion to dismiss and denied the Myers's motion to amend. In their Rule 59(e) motion, the Myers moved for reconsideration of the court's denial of a continuance. The court denied reconsideration.

District courts have "broad discretion" in deciding motions for continuances. *See United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009); *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (noting that district courts' discretion in making scheduling decisions is "exceedingly wide"). When making scheduling decisions, the district court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's [time]." *HC Gun & Knife Shows*, 201 F.3d at 549-50. "We will *not* substitute our judgment concerning the necessity of a continuance for that of the district court, unless the complaining party demonstrates that it was prejudiced by the denial." *Id.* at 550 (emphasis in original) (internal quotation marks and citations omitted).

On appeal, the Myers contend that the district court erred in denying reconsideration of its prior denial of a continuance. The district court gave several reason for denying a continuance and denying reconsideration, including: (1) the case is a "simple foreclosure case" that had been pending over a year; (2) the court had already granted continuances of two deadlines in the scheduling order; (3) the court had set the May 13, 2013 trial date a year prior,

4

No. 13-40389

in May 2012; (4) the court had time in May 2013 to try the case, but the court calendar was later occupied with cases in four different divisions; and (5) "the parties had plenty of time to pursue a potential resolution." The Myers have not shown that the district court abused its discretion in denying a continuance or that they were prejudiced by the ruling. In their motion to continue the trial date and deadlines for pretrial filings, the parties did not ask the court to refrain from ruling on the pending motion to dismiss or motion to amend. As a result, the court's denial of the motion for a continuance did not affect the court's subsequent dismissal of the case. The Myers have not shown that the district court erred in denying relief under Rule 59(e) on this ground.

## II.

For the foregoing reasons, the district court's March 7, 2013 order denying the Myers's Rule 59(e) motion to alter or amend judgment is AFFIRMED.