**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

―――――――

No. 13-11060
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

ESTATE OF MICHAEL MARK POLLARD; JENNIFER BUTLER, On behalf of the Estate of Michael Pollard and as Next Friend of S.P., a minor; REBECCA DEBRA BRYANT-MOORE, As Next Friend of A.B., a minor,

> Plaintiffs - Appellants

v.

HOOD COUNTY, TEXAS; ROGER DEEDS, Sheriff, Individually and in His Official Capacity as Hood County Sheriff; ANN BROWN, Captain, Individually and in her Official Capacity as Hood County Jail Administrator; NORMA HANSON, Deputy, Individually and in her Official Capacity as a Hood county Deputy/Jailer; TRAVIS BARINA, Deputy, Individually and in his Official Capacity as a Hood County Deputy/Jailer,

> Defendants - Appellees

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-163

_____

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: [*]

―――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11060

Plaintiffs-Appellants, the Estate of Michael Mark Pollard, Jennifer Butler, and Rebecca Bryant-Moore, appeal from the summary judgment dismissal of their 42 U.S.C. § 1983 complaint against individual defendants Sheriff Roger Deeds, Captain Ann Brown, and correction officers Norma Hanson and Travis Barina, and from the dismissal following judgment on the pleadings of their § 1983 complaint against Hood County, Texas.  Plaintiffs argue on appeal that (1) the individual defendants violated decedent Michael Mark Pollard's Fourteenth Amendment right as a pretrial detainee by acting with deliberate indifference to his known risk of suicide; and (2) Hood County, Texas is liable as a municipality under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), for promulgating unconstitutional customs, practices, policies, or procedures.  For the reasons that follow, we AFFIRM both the district court's summary judgment dismissal of plaintiffs' claim against the individual defendants and the district court's dismissal following judgment on the pleadings of Plaintiffs' claim against Hood County.

**I.**

In March 2010, charges were brought against decedent Michael Mark Pollard for aggravated sexual assault of a child.  After learning of the impending charges, but before his arrest, Pollard twice attempted suicide. First, in March of 2010, he slit his wrist and was hospitalized for four days. On April 10, 2010, he attempted suicide again, this time cutting his arm "vertically to the bone and slit[ting] his neck with a box cutter."  Pollard was taken to the hospital, where he received emergency surgery.  Thereafter, he was admitted to the inpatient psychiatric ward of the hospital for treatment. Immediately after his discharge from the hospital, Pollard was arrested on the aggravated sexual assault charges and taken to Hood County Jail.

At booking, Pollard was assessed and deemed to be a high risk for suicide. Pollard was strip searched and dressed in paper clothing. He was placed in a single occupancy cell containing only a mattress and, for his protection, was not provided with any other items in his cell. Pollard was placed on 15-minute watch, meaning that jailers would visually check on him every fifteen minutes. Up until Pollard's death, the 15-minute watch remained in effect but was not meticulously implemented: some checks were a few minutes late and some a few minutes early. Despite these precautions, on April 26, 2010, Pollard committed suicide by hanging himself from a laundry bag tied to an air vent in his cell. The individual defendants each testified that they were unaware of the presence of the laundry bag in Pollard's cell until it was used to effectuate his suicide.

On April 25, 2010, the night preceding Pollard's death, correction officers Barina and Hanson were working the evening shift at the jail. Barina began his shift elsewhere, but, at 8:25 p.m., he rotated to the area in which Pollard was housed. Barina remained as the jailer in this area until 12:20 a.m., when Hanson took over. The length of time between the checks Barina performed on Pollard between 8:29 p.m. and 12:20 a.m. ranged from nine to nineteen minutes. Hanson performed her first check at 12:20 a.m., her second nine minutes later at 12:29 a.m., and her third eleven minutes after that at 12:40 a.m. Hanson reports that, at all of these checks, Pollard appeared to be lying or sitting in his cell in an ordinary manner.

At 12:58 a.m., eighteen minutes after her last check, Hanson discovered Pollard hanging from the air vent by a laundry bag. She and the other individual defendants believe that the laundry bag was left in the cell by a previous inmate and overlooked when the cell was cleaned. Upon discovering Pollard hanging in his cell, Hanson immediately called for help, and several

3

No. 13-11060

other jailers arrived within about twenty seconds. A jailer lifted Pollard to release the tension, and another checked for a pulse, but found none. According to the jailers who responded to Hanson's call for help, because Pollard lacked a pulse, he was not cut down, but was left in the position in which he was discovered, until the investigator could arrive.[1]

On March 20, 2012, Plaintiffs filed their original complaint alleging liability in three ways: individual liability with respect to individual defendants Barina and Hanson, supervisory liability with respect to individual defendants Brown and Deeds, and municipal liability with respect to Hood County. On June 29, 2012, the individual defendants filed a motion for summary judgment. After limited discovery, plaintiffs filed their response in opposition to defendants' motion for summary judgment on January 18, 2013.

The district court granted summary judgment on plaintiffs' claims against the individual defendants on the basis of qualified immunity on March 14, 2013, but found that such ruling should not have preclusive effect on plaintiffs' claims against Hood County. On September 3, 2013, the district

---

[1] In their response to the Defendants' motion for summary judgment and on appeal, Plaintiffs allege facts that Barina and Hanson, along with other jailers who responded to the scene, failed to cut Pollard down once he was discovered hanging in his cell, in violation of Hood County Jail's policy. In its order granting the defendants' motion for summary judgment, the district court concluded that Plaintiffs' claim that the jailers were deliberately indifferent based on their failure to cut Pollard down was not raised until their response to the Defendants' summary judgment motion and, therefore, had been waived. Rather than address the propriety of the district court's conclusion that this argument had been waived, or adequately address the legal bases for such a theory of liability, on appeal the Plaintiffs merely allege facts regarding the failure to cut Pollard down. Plaintiffs do not expressly argue how this behavior amounts to deliberate indifference, nor do they cite any case law to support such a claim. Moreover, even after the Defendants-Appellees argued that this argument was waived, the Plaintiffs have not filed a reply brief or made any argument regarding the issue of waiver. By neglecting to challenge the district court's conclusion that this theory of liability has been waived and may not be considered, Plaintiffs have abandoned the issue on appeal. *See, e.g.*, *Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 298 (5th Cir. 2014) (citing *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983)).

4

court entered an order granting Hood County's motion for judgment on the pleadings.  Plaintiffs timely filed their notice of appeal.

## II.

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as the district court.  *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014); *Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013).  Summary judgment is proper when the evidence shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant, and all inferences must be drawn in favor of the non-movant.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000); *Haire*, 719 F.3d at 362.

Generally, in summary judgment proceedings, "[t]he moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  When, however, a defendant's summary judgment motion is premised upon qualified immunity, the burden shifts to the Plaintiff to raise facts that dispute the Defendant's assertion of qualified immunity. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir.2005); *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).  Thus, to prevail, a plaintiff must produce evidence that presents a genuine issue of material fact that (1) the defendants' conduct amounts to a violation of the plaintiff's constitutional right; and (2) the defendants' actions were "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Cantrell v. City of Murphy*, 666 F.3d 911, 922 (5th Cir. 2012) *cert. denied,* 133 S. Ct. 119,

(*quoting Freeman v. Gore,* 483 F.3d 404, 411 (5th Cir. 2007)).   Although a summary judgment motion premised upon qualified immunity shifts the burden to the Plaintiff, this does not alter the requirement that courts view all facts and make all reasonable inferences in the light most favorable to the plaintiff.  *Brown,* 623 F.3d at 253 ("The plaintiff bears the burden of negating qualified immunity, but all inferences are drawn in his favor.") (internal citation omitted).

Additionally, we review *de novo* a district court's grant of judgment on the pleadings, subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b), and ask whether, when viewed "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### III.

As noted, to defeat a defendant's summary judgment motion premised upon qualified immunity, a plaintiff must produce evidence that presents a genuine issue of material fact that (1) the defendants' conduct amounts to a violation of the plaintiff's constitutional right; and (2) the defendants' actions were "objectively unreasonable in light of clearly established law at the time of the conduct in question." *Cantrell v. City of Murphy*, 666 F.3d 911, 922 (5th Cir. 2012) *cert. denied,* 133 S. Ct. 119, (*quoting Freeman v. Gore,* 483 F.3d 404, 411 (5th Cir. 2007)).  A conclusion that Plaintiff has failed to establish either prong may resolve the inquiry. *See Pearson v. Callahan,* 555 U.S. 223, 236 (2009).  Here, because we find that Plaintiff has not established a genuine issue of material fact that the defendants' violated Pollard's constitutional rights, we do not address the defendants' objective reasonableness in light of clearly established law.

No. 13-11060

The constitutional violation alleged here stems from the Due Process clause of the Fourteenth Amendment, under which a "pretrial detainee . . . ha[s] a clearly established . . . right not to be denied, by deliberate indifference, attention to his serious medical needs." This right includes protection from known suicidal tendencies. *See Flores v. Cnty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997).

In *Farmer v. Brennan,* the Supreme Court announced that in order to establish deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837 (1994). The *Farmer* Court explained that this "subjective recklessness" standard does not require the plaintiff to "show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842; *see also Domino v. Texas Dept. of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001). Interpreting this standard, we have explained that, "[d]eliberate indifference is an extremely high standard to meet," and requires a plaintiff to establish more than mere negligence, unreasonable response, or medical malpractice. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

For the reasons that follow, we conclude that the Plaintiffs failed to establish that the defendants acted with deliberate indifference and therefore, we AFFIRM the district court's summary judgment order in favor of the individual defendants and AFFIRM its dismissal of the pleadings against Hood County.

7

### A.

First, we consider the liability of the individual defendants Barina and Hanson, two of the jailers on duty the night of Pollard's suicide. Plaintiffs argue on appeal that Barina and Hanson were deliberately indifferent for failing to strictly comply with the fifteen-minute observation orders and neglecting to view and remove the laundry bag from Pollard's cell. The district court concluded that the actions of defendants Barina and Hanson, although possibly negligent, did not reflect deliberate indifference to Pollard's known suicide risk. We agree.

Barina and Hanson do not dispute that they knew of Pollard's suicidal nature or his recent suicide attempt. Additionally, both Barina and Hanson acknowledge that they neglected to perform their 15-minute checks with strict regularity. We agree with the district court that the deviations from the fifteen-minute observation periods under these circumstances do not raise a genuine issue of material fact that Barina or Hanson deliberately ignored an excessive risk of harm to Pollard's safety. Although in some cases, failure to execute a plan to prevent against a detainee's suicide may amount to deliberate indifference, here, Plaintiffs have not raised a material fact from which a reasonable juror could conclude that the jailers' failure to strictly comply with the fifteen-minute checks reflect anything but negligent implementation of a plan meant to protect Pollard's safety. "[N]egligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State." *Hare*, 74 F.3d at 645. Accordingly, neither Barina nor Hanson's conduct violated Pollard's constitutional rights.

Further, there is no record evidence to dispute Barina and Hanson's testimony that they had no knowledge of the laundry bag that Pollard used to hang himself. Therefore, at most, their failure to view and retrieve the bag

was negligent, and does not amount to a knowing disregard of a serious health risk. *See, e.g.*, *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (noting "oversight" in administration at juvenile facility where detainee died of heatstroke was insufficient to show anything more than negligence, mandating application of qualified immunity). Moreover, Plaintiffs have not argued or presented any evidence that these individual defendants had an affirmative duty to visually or physically inspect the cell on the night of Pollard's suicide to determine whether it contained any contraband. Thus, any potential argument that these officers were deliberately indifferent by failing to act to ensure Pollard's cell was emptied of any hazardous objects despite his known suicide risk, has been abandoned.

Plaintiffs have not established that Barina or Hanson acted with deliberate indifference and thus we AFFIRM the district court's grant of summary judgment to the individual defendants Barina and Hanson.

**B.**

Next, we consider the claims for supervisory liability against Deeds and Brown. Plaintiffs argue that Deeds, as the sheriff of the county and policymaker for the Hood County Jail, and Brown, as the jail administrator, failed to adequately supervise their subordinates (including Barina and Hanson) by creating the impression that 15-minute suicide checks were acceptable if they were performed a few minutes late. Plaintiffs contend that this inadequate supervision constitutes deliberate indifference to Pollard's constitutional rights on the part of Brown and Deeds.

A supervisor not personally involved in the acts that allegedly deprived the plaintiff of his constitutional rights is liable under § 1983 only if (1) the supervisor failed to train or supervise the officers involved; (2) there is a causal

connection between the alleged failure to supervise or train and the alleged violation of the detainee's rights; and (3) the failure to train or supervise constituted deliberate indifference to the detainee's constitutional rights. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

We agree with the district court's conclusion that Deeds and Brown were entitled to qualified immunity and summary judgment on plaintiffs' supervisory-liability claims. Brown and Deeds cannot be held liable for constitutional violations committed by their subordinates because, as discussed *supra*, Plaintiffs have not established that any constitutional violations were committed by their subordinates. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)) ("'In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with deliberate indifference to *violations of others' constitutional rights committed by their subordinates*.'") (emphasis added); *Doe v. Taylor ISD*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc) (supervisor's deliberate indifference to subordinate's wrongdoing must have "caused a constitutional injury to the" plaintiff).

Plaintiffs have neither shown that the training or supervision by Brown and Deeds was inadequate, nor that Brown or Deeds acted with deliberate indifference to their subordinates' violations of Pollard's constitutional rights. Accordingly, we find that the district court properly granted summary judgment in favor of Brown and Deeds.

## C.

Finally, we consider whether the district court erred in its grant of judgment on the pleadings in favor of Hood County on the grounds that the

municipality could not be held liable because none of the individual defendants acted with deliberate indifference.  We agree with the district court that, because none of the individual defendants acted with deliberate indifference, the Plaintiffs did not state a claim of a constitutional violation for which Hood County may be held municipally liable.

To impose liability on a municipality under § 1983, plaintiffs must first show that a municipal employee committed a constitutional violation—here, deliberate indifference to Pollard's known suicide risk.  *See Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc).  Once this underlying constitutional violation is established, liability can be extended to the county if plaintiffs can show that the violation "resulted from a Hood County policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights."  *Id.*  "If a plaintiff is unable to show that a county employee acted with subjective deliberate indifference, the county cannot be held liable for an episodic act or omission."  *Anderson v. Dallas Cnty., Tex.*, 286 Fed. App'x. 850, 860 (5th Cir. 2008); *see also Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999).

As discussed *supra*, we agree with the district court's determination that the individual defendants' actions were, at most, negligent and therefore did not rise to the level of deliberate indifference.  Plaintiffs have failed to establish that any Hood County employee has violated Pollard's Fourteenth Amendment rights and, therefore, we find that the district court was correct in holding that Hood County cannot be held municipally liable under *Monell* and that Hood County is entitled to judgment as a matter of law on the pleadings.

## CONCLUSION

Because the Plaintiffs have failed to establish that any of the individual defendants acted with deliberate indifference, we AFFIRM the district court's

grant of summary judgment in favor of the individual defendants.  Likewise, we AFFIRM the district court's grant of judgment on the pleadings in favor of Hood County.