**REVISED November 21, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20470
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUSSELL RAY PRYOR,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-267

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Russell Ray Pryor, federal prisoner #38706-179, and proceeding *pro se* on appeal, was sentenced to 360 months' imprisonment for possessing a firearm after being adjudged guilty of a felony, and possessing a firearm to further a drug-trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 924(c)(1)(A), and possessing with intent to distribute

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-20470

dihydrocodeinone, and possessing with intent to distribute codeine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 841(b)(3).  Following being denied 28 U.S.C. § 2255 relief, Pryor was denied a certificate of appealability (COA).

After additional litigation contesting the final judgment, Pryor moved under Federal Rule of Civil Procedure 60(b)(4) and (6) for relief from the judgment denying § 2255 relief.  The district court denied Pryor's motion.

Our court granted Pryor a COA on one issue:  whether the district court abused its discretion in denying Rule 60(b) relief from the denial of his § 2255 motion, by refusing to consider pages missing from his affidavit in opposition to counsel's affidavit, and not holding an evidentiary hearing on his claim counsel rendered ineffective assistance regarding the voluntariness of consent to a premises search that resulted in the introduction of evidence seized in that search.

Pryor's opening brief, which only twice mentions Rule 60(b), does not address the issue allowed by his COA.  As in this instance, it is insufficient to allude to a legal theory.  *McIntosh v. Partridge*, 540 F.3d 315, 325 n.12 (5th Cir. 2008).  And, because Pryor does not address the issue on which the COA was granted, the issue is abandoned.  *E.g.*, *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983); *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 224–225 (5th Cir. 1993).

Pryor asserts his innocence and contends his convictions were constitutionally invalid as a result of, *inter alia*, ineffective assistance of counsel.  But our jurisdiction does not extend to those issues; it is restricted to the above-described issue on which Pryor was granted a COA.  28 U.S.C. § 2253(c); *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009); *United States v. White*, 307 F.3d 336, 339 n.1 (5th Cir. 2002).

AFFIRMED.