# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-30038
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2018

Lyle W. Cayce
Clerk

————

KELTON L. SPANN,

Plaintiff-Appellant

v.

RODNEY J. STRAIN, Individually and his official capacity as former Sheriff
of St. Tammany Parish; JERRY P. MILLER, JR., Lieutenant; PATRICK
SMITH, Deputy; ALLEN TINGLE, Chief Executive Officer; LESTER
MITCHELL, Director; ROBERT HANSON, Assistant Director; TOMMY
WARDER, Job Coordinator; SHANE WILKINSON, Detective,

Defendants-Appellees

————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-4126

————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kelton Spann, former Louisiana prisoner # 325770, filed a pro se 42
U.S.C. § 1983 action, alleging, inter alia, a claim of retaliation and a violation
of his due process rights. The district court dismissed Spann's complaint as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

legally frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), or pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

The district court is directed to dismiss a claim if the claim is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); § 1915A(b)(1). This court reviews a dismissal for failure to state a claim under the same *de novo* standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotation marks, citations, and footnote omitted).

First, Spann alleges that the defendants retaliated against him by removing him from a work release program, falsely filing a disciplinary report against him, and filing false criminal charges based on his threat to file suit and his complaint to prison authorities. To state a claim for retaliation under § 1983, a prisoner must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). While the First Amendment protects "complaining through proper channels," *see Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006), Spann does not challenge the district court's determination that he failed to establish a retaliatory motive, causation, or actual prejudice,

thereby waiving any such argument. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983).

Next, Spann raises a due process challenge to the allegedly false disciplinary charges, which alleged that he smoked synthetic marijuana while participating in the work release program. A plaintiff in a § 1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Because Spann has not shown that the disciplinary decision has been overturned, he cannot maintain a § 1983 action for damages. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Heck*, 512 U.S. at 486-87.

Third, Spann argues that the defendants discriminated against him based on his race in violation of the Equal Protection Clause. To plead a viable equal protection claim, Spann had to assert that a state actor intentionally discriminated against him "because of membership in a protected class" or that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotation marks and citation omitted). Spann's allegations did not show that the defendants intentionally treated him differently than similarly situated white persons. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012).

Finally, Spann argues that the sheriff failed to train and supervise his employees. A local government official may be held liable under § 1983 if he

was personally involved in the violation of constitutional rights, if there is a sufficient causal connection between his conduct and the violation, or if he implemented an unconstitutional policy that led to the violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see Burge v. Par. of St. Tammany*, 187 F.3d 452, 469-70 (5th Cir. 1999). "The Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of" a prison rehabilitation program. *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). Further, a state's failure to follow its own rules does not constitute a due process violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Without showing an underlying constitutional violation, Spann cannot show that the defendants are liable under § 1983. *See Rios v. City of Del Rio*, 444 F.3d 417, 425-26 (5th Cir. 2006).

Given the foregoing, the district court's judgment is AFFIRMED. Spann is cautioned that the dismissal of his complaint by the district court counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). He is further cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).