# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30555

_____

Vernon J. Tatum, Jr.,

*Plaintiff—Appellant*,

*versus*

United States of America; Small Business Administration,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-6184

_____

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Vernon J. Tatum, Jr., has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the order and judgment dismissing with prejudice his complaint filed against the Department of the Treasury (Treasury), the Social Security Administration (SSA), and the Small Business Administration (SBA) and denying his motion seeking a preliminary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

injunction. In his motion and complaint, Tatum alleged that in March 2023, the Government began to administratively offset his monthly social security check by $48 on account of his failure to make timely payments for outstanding loan balances that he owed to the SBA. He sought a preliminary injunction to stop the administrative offsets. He also sought the district court judge's recusal, contending that the judge was retaliating against him due to events in a separate proceeding before the same judge.

The district court initially granted the Government's motion to dismiss all claims against the Treasury and the SSA. Subsequently, the district court entered an order refusing to recuse itself and finding that it was precluded from issuing a preliminary injunction against the SBA. Finally, the district court denied Tatum's IFP motion and certified that his appeal was not in good faith. By moving to proceed IFP here, Tatum is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, Tatum incorrectly argues that the SBA's collection efforts were barred by a 10-year statute of limitations. *See* 31 U.S.C. § 3716(e)(1). Nevertheless, he fails to meaningfully challenge or identify any error in the district court's dismissal of his claims against the Treasury and the SSA for lack of subject matter jurisdiction, its refusal to recuse itself under 28 U.S.C. § 144 and 28 U.S.C. § 455, and its finding that it could not issue a preliminary injunction against the SBA. Because Tatum briefs no argument addressing the district court's analysis of his claims and fails to identify any error therein, he has abandoned a challenge to the certification decision and to the district court's treatment and disposition of his filings. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned.").

No. 24-30555

Accordingly, Tatum has not shown that his appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). The motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.